CONKLIN v. UNITED STATES SHIPBUILDING CO.

(Circuit Court, D. New Jersey. August 21, 1905.)

1. CORPORATIONS—POWER OF COURT TO DISSOLVE.
    A court of equity, independent of statutory authority, cannot decree the dissolution of a corporation.
    [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2421.]

2. SAME—NEW JERSEY STATUTE—ENFORCEMENT BY FEDERAL COURT.
    Section 69 of the New Jersey corporations act (P. L. p. 300), which confers upon the Chancery Court of the state power to dissolve an insolvent corporation, and to declare its charter forfeited and void, does not create a right which is enforceable in a federal court of equity, the dissolution of a corporation created by the state being peculiarly a matter for determination by the tribunal to which the state has committed it.

In Equity. On petition by receiver for dissolution of defendant corporation.
See 136 Fed. 1006.

Sherrerd Depue, for receiver.
Edward D. Duffield, Asst. Atty. Gen., for the State of New Jersey.

LANNING, District Judge. James Smith, Jr., as receiver of the United States Shipbuilding Company, petitions this court for an order or decree dissolving that company and declaring its charter forfeited and void. The company was duly incorporated under the provisions of the New Jersey general corporations act of 1896 (P. L. p. 277). On June 30, 1903, it was adjudged by this court to be insolvent, and James Smith, Jr., was thereupon appointed its re-

ceiver. On December 15, 1903, an order limiting the time within which the creditors might present their claims to the receiver was made, and on July 11, 1904, the time for the presentation of claims having expired, an order was made barring all creditors who had not then proven their claims. On April 13, 1905, the receiver then having converted into cash all the assets that had come into his hands, this court ordered him to make distribution of the funds in his possession except the sum of $25,000, reserved for contingencies. The receiver has paid to the state of New Jersey all franchise taxes now due to the state. The dividend to the creditors will be very small. The receiver declares that the company's franchise is of no value, and that, so long as its corporate existence is allowed to continue, it will be required annually to pay franchise taxes to the state of New Jersey, thereby diminishing the funds in his hands to the prejudice of the company's creditors. Upon these facts the receiver seeks from this court a decree dissolving the company.

The counsel for the receiver concedes that the power of this court, upon a bill filed by a lienholder to take possession of the property of an insolvent corporation through a receiver for the purpose of administering its assets as a trust fund for the benefit of creditors, does not include authority to dissolve the corporation or to declare its franchises forfeited. It may be added that it is well settled that a court of equity, independent of statutory authority, cannot decree the dissolution of a corporation. Society for Establishing Manufactures v. Morris Canal Co., 1 N. J. Eq. 186, 187, 21 Am. Dec. 41; N. J. Southern R. Co. v. Long Branch Commissioners, 39 N. J. Law, 28, 35; Morawetz, Priv. Corp. § 1040; Thompson on Corp. §§ 4538, 6598, 6854. In Hardon v. Newton et al., 14 Blatchf. 376, Fed. Cas. No. 6,054, a bill was filed in the United States Circuit Court for the District of Connecticut praying for the dissolution of the defendant corporation and for the appointment of a receiver to distribute its assets amongst its creditors and stockholders. The court held that a court of chancery, by virtue of its general equity powers, in the absence of statutory provisions, is not authorized to dissolve a corporation. The same doctrine was reiterated in Republican Mountain Silver Mines v. Brown, 58 Fed. 648, 7 C. C. A. 412, 24 L. R. A. 776, and in Sidway v. Missouri Land & Live Stock Co. (C. C.) 101 Fed. 486. See, also, Northern Securities Co. v. United States, 193 U. S. 197, 346, 24 Sup. Ct. 436, 48 L. Ed. 679. But in the present case the petitioner contends that the power of this court to make the decree prayed for is derived from the provisions of the sixty-ninth section of the New Jersey general corporations act of 1896 (P. L. p. 300). Sections 65 and 66 of that act provide that whenever any corporation shall become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, any simple contract creditor or lienholding creditor, or any stockholder, may, by petition or bill of complaint, apply to the Court of Chancery of New Jersey for the appointment of a receiver to take possession of its assets and administer them for the benefit of the creditors and stockholders. Section 69 is as follows:

"Whenever a receiver shall have been appointed as aforesaid and it shall afterwards appear that the debts of the corporation have been paid or provided for, and that there remains or can be obtained by further contributions sufficient capital to enable it to resume its business, the Court of Chancery may, in its discretion, a proper case being shown, direct the receiver to reconvey to the corporation all its property, franchises, rights and effects, and thereafter the corporation may resume control of and enjoy the same as fully as if the receiver had never been appointed; and in every case in which the Court of Chancery shall not direct such reconveyance, said court may, in its discretion, make a decree dissolving the corporation and declaring its charter forfeited and void."

The argument is that this court, in administrating the assets of the United States Shipbuilding Company, has been exercising the power conferred by statute upon the Court of Chancery of New Jersey, and that, to give full relief to the shipbuilding company's creditors, it will not hesitate even to assume the discretionary power conferred by the last clause of the above-quoted section upon the New Jersey Court of Chancery. In Land Title & Trust Co. v. Asphalt Co., 127 Fed. 1, the Circuit Court of Appeals of this circuit, at page 18, 62 C. C. A. 23, at page 40, said:

"It is, however, well settled by adjudications of the Supreme Court and subordinate federal courts that if a state legislature, by a valid law, create a right essentially equitable in its nature, prescribing a remedy for its enforcement substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in a federal court of equity in the same form as it is in the state courts."

And in Jacobs v. Mexican Sugar Co. (C. C.) 130 Fed. 589, it was held in this court that a receiver of an insolvent corporation may be appointed, on the application of a stockholder, by virtue of the provisions of section 65 of the New Jersey act, notwithstanding no such general power in equity exists.

In the present case, however, the receiver was appointed not upon the complaint of a stockholder or of a simple contract creditor, but of holders of its bonds secured by mortgage upon its property. On an appeal from the order of this court appointing the receiver the Circuit Court of Appeals declared that the bill of complaint did not rest upon the statute of New Jersey exclusively, but that it set forth a case cognizable by the court under its general equity powers. Furthermore, that court (see 60 C. C. A. 680, 126 Fed. 136) modified the order of this court by striking from it the words "and especially by the act of the Legislature of the state of New Jersey entitled 'An act concerning corporations, Revision of 1896,'" by which the case was given the aspect of one resting upon that statute, and submitting therefor the words "the receiver to be subject at all times to the orders and directions of this court," by which the case was given the aspect of one resting upon the general equity powers of the court as defined in Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. In Gaylord v. Fort Wayne, M. & C. R. Co., 6 Biss. 286, Fed. Cas. No. 5,284, the United States Circuit Court for the District of Indiana refused to decree the forfeiture of the franchise of an insolvent corporation, notwithstanding the provision of an Indiana statute that the proper court might in such case

so decree. It does not seem to me that section 69 of the New Jersey act, which, under the conditions in that section named, authorizes the New Jersey Court of Chancery to make a decree dissolving an insolvent corporation and declaring its charter forfeited and void, creates any right enforceable in a federal court. The corporation is the creature of the state. It derives its life from the state. It possesses the powers conferred by the state. The period of its existence is determined solely by the will of the state, and the state has conferred upon her Court of Chancery alone the power to act as its executioner. Besides, the proceedings for dissolving an insolvent corporation under that section are no part of the proceedings for administering its assets. A new and wholly independent suit is required for that purpose. That suit is a substitute for a proceeding by the Attorney General of the state on quo warranto in a court of law, is not designed to enforce any right essentially equitable in its nature, and is not permitted by the Chancellor of the state to reach final decree, as I understand, without notice to the Attorney General, to the end that he may be heard.

I find no authority for the exercise of the power invoked, and the petition must be dismissed.