NICOLA RIZZUTO, administrator, *vs.* ONSET CAFE, INC. & others.

Suffolk. November 2, 1953. — December 4, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Corporation,* Distribution of assets, Dissolution. *Equity Jurisdiction,* Corporate assets, Dissolution of corporation. *Equity Pleading and Practice,* Rehearing.

The general equity jurisdiction did not extend to the maintenance of a suit by an alleged stockholder of a corporation for the appointment of a receiver to distribute all its assets to its stockholders, which would be tantamount to ordering its dissolution, even though it had ceased to do business and had no creditors. [597–598]

Upon a decision by this court that the relief given by a final decree in a suit in equity ordering distribution of the assets of a corporation among its stockholders was not within the general equity jurisdiction and that reported evidence did not support findings by the judge that certain shares had been paid for by the subscribers therefor, the decree was reversed but in the circumstances the bill was not ordered dismissed and it was ordered that on the issue of stock ownership only the suit stand for a rehearing at which testimony not available at the original hearing might be presented. [598–599]

BILL IN EQUITY, filed in the Superior Court on January 15, 1952.

The suit was heard by *Morton*, J.

*William F. Marcella*, for the defendants.

*Frank G. Lichtenstein & Louis Barsky*, for the plaintiff, submitted a brief.

WILKINS, J. The plaintiff is the administrator of the estate of Gaetano Rizzuto, an alleged stockholder of the defendant Onset Cafe, Inc., a Massachusetts corporation. The other defendants are three members of the bar, Felix A. Marcella, his son William F. Marcella, both stockholders, and Francis Juggins, a stakeholder. After hearing on the merits a final decree ordered distribution among the three stockholders of a sum of money in the hands of the defendant Juggins. The defendants appealed. The judge made a voluntary report of all the material facts upon which his order for decree was based, and the evidence is reported.

The corporation's certificate of incorporation was issued on March 28, 1946. The articles of organization show that Rizzuto and the two Marcellas were the incorporators; that the authorized capital stock was $2,500, consisting of twenty-five common shares of $100 par value then to be issued for cash; and that the subscribers were Rizzuto and Felix A. Marcella twelve shares each, and William F. Marcella one share. Rizzuto was president, Felix A. Marcella treasurer, and William F. Marcella clerk. They constituted the board of directors. The corporation conducted a restaurant and bar. On July 18, 1946, a gas explosion wrecked its place of business and killed Rizzuto. The corporation ceased doing business, and, through its attorney, the defendant Juggins, brought suit against a gas company, which paid $3,947.93 in settlement. This sum the defendant Juggins holds, and there was filed a stipulation that out of it he is entitled to a fee of $1,500.

The bill of complaint alleges that the defendant William F. Marcella paid nothing for his share of stock which was issued to him for convenience; that the plaintiff knew of no

creditor of the corporation; and that the only interested parties are the stockholders, who are the plaintiff and the defendant Felix A. Marcella. There are prayers for a decree that the defendant William F. Marcella holds one share as a straw for the benefit of the plaintiff and of the defendant Felix A. Marcella, and that he be required "to make due and proper transfer of the same"; and for the appointment of a receiver "to dispose of the assets of the corporation to those lawfully entitled to share in them."

The answers of the defendants, other than the defendant Juggins, deny that Rizzuto paid for the shares, and allege the existence of substantial claims against the corporation in favor of the defendant Felix A. Marcella.

The judge found that Rizzuto paid $1,200 for the stock; that the defendant William F. Marcella paid cash for his share; and that "There is no evidence that there are any other creditors of the corporation." He ordered that the defendant Juggins pay $97.80 to the defendant William F. Marcella, and divide the balance of $2,350.13 equally between the plaintiff and the defendant Felix A. Marcella. The final decree ordered payment of these sums, and dismissed the bill as against the corporation.

While the final decree may have meted out practical justice, there is no power in courts in this manner to distribute the assets of a corporation among its stockholders and to leave it an empty shell. "The general equity jurisdiction of the courts does not extend to distributing the assets of a corporation merely because need for its continued existence is not apparent." *Bleck* v. *East Boston Co.* 302 Mass. 127, 130. This is equally true whether or not a receiver be appointed as prayed for in the bill. *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 615. Distribution of all the assets of this corporation is, in the circumstances, tantamount to a decree of dissolution. "The dissolution of corporations, like their creation, is primarily and fundamentally a matter of legislative and not of judicial cognizance." *Russell Box Co.* v. *Commissioner of Corporations & Taxation*, 325 Mass. 536, 539. The "dissolution of a corporation is a

peculiar function which resides primarily in the Legislature and is conferred upon courts only by explicit legislative authority." *Olds* v. *City Trust, Safe Deposit & Surety Co.* 185 Mass. 500, 505. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 276. *Cook* v. *Cook*, 270 Mass. 534, 542. *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 614–615. *Leventhal* v. *Atlantic Finance Corp.* 316 Mass. 194, 205. The allegations of the bill or the findings of the judge do not bring this case within the scope of any statute authorizing judicial dissolution of corporations. See G. L. (Ter. Ed.) c. 155, § 50, as amended by St. 1933, c. 66; § 50A, inserted by St. 1939, c. 456, § 1, as amended by St. 1943, c. 383. The final decree cannot stand as an order for the distribution of assets, and the bill cannot be maintained for the appointment of a receiver.

The defendants further contend that the finding that Rizzuto paid· for his shares was plainly wrong. The reported evidence consists of the articles of organization and testimony of Rizzuto's sister, Mrs. Sozio. The articles of organization disclosed the number of shares to be issued and paid for in cash, but not that the shares were in fact so issued and paid for. The testimony of Mrs. Sozio contained nothing on this point, although she did testify that Rizzuto sold another business in December, 1945, and said that he was going into business with the defendant Felix A. Marcella as "an equal partner," and later told her that the business was doing well. We are constrained to hold that the evidence did not support the finding that the shares of Rizzuto or William F. Marcella were paid for by them. It is obvious how it happened that no other evidence as to payment by Rizzuto was presented. The place of business was destroyed, and he and his wife were killed. Neither the defendant Felix A. Marcella, who had been counsel for Rizzuto, nor the defendant William F. Marcella testified. At the outset of the hearing their counsel stated that they would be present. On another occasion their testimony could be, and doubtless would be, compelled. We, accordingly, do not order that the bill be dismissed.

The final decree is reversed. The case is to stand for hearing in conformity with this opinion on the issue of stock ownership only.

*So ordered.*