MOUNT HOPE FINISHING COMPANY *vs.* FRANK L. DAYLOR (and a companion case[1]).

Bristol.    October 29, 1956. — November 30, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Receiver. Corporation*, Receivership. *Equity Jurisdiction*, Receivership.

The evidence in a suit in equity by a minority stockholder of a corporation for the appointment of a receiver thereof on the ground of mismanagement by officers and directors who held substantially all the rest of the stock did not require a conclusion that there had been or was threatened mismanagement to the prejudice of the stockholders or dissipation of assets, nor furnish any basis for disturbing a decision of the trial judge not to appoint a receiver.

TWO BILLS IN EQUITY, filed in the Superior Court on August 3, 1954, and December 15, 1954.

The suits were heard by *O'Connell*, J., who entered a final decree in the first suit establishing an indebtedness of the defendant to the plaintiff and providing for sale of his stock in the plaintiff by a special master if the indebtedness were not paid; and a final decree in the second suit dismissing the bill. Daylor appealed from both decrees.

---

[1] The companion case is Frank L. Daylor *vs.* Mount Hope Finishing Company & others.

*James P. McGuire,* for Daylor.

*John M. Hall,* (*Rhodes G. Lockwood* with him,) for Mount Hope Finishing Company.

WHITTEMORE, J.   The bill of complaint brought by Mount Hope Finishing Company (Mount Hope) was sustained by the findings and decree of the trial judge as a bill to reach and apply shares of Mount Hope owned by Daylor to his indebtedness to the corporation in the amount of $565,500, with interest.

The bill of complaint brought by Daylor against Mount Hope and two officers and directors, who between them held substantially all of the stock of Mount Hope not held by Daylor, asserted mismanagement of Mount Hope through mismanagement of its one hundred per cent subsidiary,[1] a North Carolina corporation, and prayed only for injunctive relief against transfer of assets and for a receiver.

No error is suggested in the finding that the indebtedness exists and is currently due.   Daylor's position as stated in his brief is "that to pay over his indebtedness to the officers currently in charge of . . . [Mount Hope] would give them additional assets to be dissipated . . . and that the individual respondents . . . have never been interested in securing the payment of any indebtedness owed by Frank L. Daylor . . . but rather have sought to divest him of his interest in . . . [Mount Hope] by securing his stock."

The extensive evidence, which it appears unnecessary for us to summarize or discuss in detail, shows informalities and some unauthorized acts in respect of the North Carolina corporation and its assets, but the evidence clearly does not require the conclusion that there has been, or is threatened, mismanagement of Mount Hope or its subsidiary to the prejudice of its stockholders, or dissipation of the assets of either.

The trial judge found that Daylor had acquired a substantial but minority interest in Mount Hope by buying shares held by or in the beneficial interest of members of

---

[1] The five shares (all the capital stock) held by R. D. Milliken were donated by him to the corporation at a time in the period of alleged mismanagement.

the Milliken family including the defendants J. K. Milliken, Senior, and R. D. Milliken, at a time when, after labor troubles, it had been decided to liquidate Mount Hope and establish a business in North Carolina, and that his subject loan had been incurred to enable him to buy the stock. It is apparent that Daylor and the Messrs. Milliken contemplated a continuance of the close and harmonious relationship which arose during the period in which Daylor had been a competent and trusted business advisor to Mount Hope, and that as the trial judge found this came to an end when a dispute arose between them. The dispute was as to whether Daylor and R. D. Milliken, who had borrowed from the corporation for a like purpose at the same time, were obliged to deposit their certificates with the corporation as collateral. R. D. Milliken contended that the deposit was required. The Mount Hope bill of complaint was originally brought to require that the deposit be made. The trial judge found that the understanding between the parties did not so require. As events have developed, Daylor, it may be assumed, finds that his minority position in the corporation is less attractive, and may be less secure for other than legal reasons, than he contemplated when he assumed it, as he did, in the course of "actively, and efficiently . . . [joining] in the general scheme of transferring the mill operations from Massachusetts to North Carolina and the financing of the same." But, as the trial judge has said, that is not a basis for appointing a receiver.

The trial judge found that Mount Hope is solvent and has no creditors who are asking payment. He found also that the appointment of a receiver is not warranted. There is no basis for our upsetting his conclusion.

We need not decide whether there is jurisdiction in any case, other than as provided by statute, to appoint a receiver upon application of a minority stockholder. See *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 616–617. "The appointment of a receiver is merely ancillary to other relief. *Richardson* v. *Clinton Wall Trunk*

*Manuf. Co.* 181 Mass. 580, 583." *Pouliot* v. *West India Fruit Co.* 283 Mass. 182, 184. In *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 492, we said in respect of the appointment of a receiver upon the petition of a simple contract creditor, that "[S]uch appointment rests in sound judicial discretion to be put forth only with circumspection. It should not be exercised except in cases where otherwise there would be wasting and loss of property which ought to be made available for payment of the debts of the corporation and which cannot be conserved in any other way so satisfactorily as by the appointment of a receiver. *Falmouth National Bank* v. *Cape Cod Ship Canal Co.* 166 Mass. 550, 568." Manifestly even if a case could conceivably arise for overruling a trial judge's decision not to appoint a receiver on the application of a stockholder not acting under a statute (and we intend no intimation) this is not such a case.

*Final decrees affirmed with costs*
*of the appeals.*