Eleanor A. ALKIRE, Plaintiff,

v.

INTERSTATE THEATRES CORPORA-
TION, et al., Defendants.

Civ. A. No. 73–3936–T.

United States District Court,
D. Massachusetts.

Aug. 2, 1974.

Daniel F. Featherston, Jr., Boston, Mass., for plaintiff.

Jerome P. Facher, James D. St. Clair, Hale & Dorr, Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

The plaintiff is a California citizen who as an individual and as a trustee controls a substantial interest in a number of movie theatre companies which are defendants in this case.

The corporate defendants have a complex relationship of ownership and control.[1] For the purposes of this memorandum, it is sufficient to note that all the corporations are principally in the business of owning, operating and managing movie theatres. The individual defendants are owners of stock in the corporate defendants or are trustees of a trust which owns stock in the defendant corporations.[2]

The plaintiff, suing individually and as trustee of a trust owning stock in some of the defendant corporations, seeks in this diversity case the appointment of a receiver, the removal of two trustees, an injunction against the retention of a certain law firm by the defendant corporations, and an order directing a receiver to wind up corporate affairs and to dissolve the defendant corporation. The requested relief has as its ultimate purpose dissolution pursuant to M.G.L. c. 156B § 99.[3]

---

1. The details of the intercorporate structure are set out in paragraphs 6, 7, and 8 of the Complaint and Stoneman's Affidavit, ¶ 2.

2. The details of each defendant's ownership and position of control are set out in paragraphs 3, 4, and 5 of the Complaint.

3. A petition for dissolution of a corporation may be filed in the supreme judicial court in the following cases:—

(a) A corporation which desires to close its affairs may authorize the filing of such a petition by a vote of a majority of each class of its stock outstanding and entitled to vote thereon:

(b) Such a petition may be filed by the holder or holders of not less than forty per cent of all the shares of its stock outstanding and entitled to vote thereon, treating all classes of stock entitled to vote as a single

Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. The plaintiff in the prayer of her Complaint requests that: [4]

1. a receiver of the defendant corporation be appointed by the court in accordance with the laws of the Commonwealth of Massachusetts; and

2. after all the corporate assets and properties have been liquidated or sold and all costs and expenses of the receivership paid, order that the corporations be dissolved and the receivership terminated.

The plaintiff asserts that it is in the best interests of the stockholders to dissolve the defendant corporations due to an alleged deadlock of the ownership. In contrast, James M. Stoneman, chief executive of Interstate Theatres Corporation and a defendant in this case, insists there is no corporate deadlock or mismanagement.

The court heard oral argument on the defendants' motion to dismiss on February 7, 1974. Affidavits having later been filed with respect to this motion, the court, pursuant to Fed.R.Civ.P. 12, treats it as one for summary judgment with respect to plaintiff's request for appointment of a receiver, but not with respect to plaintiff's request for dissolution.

The pleadings raise two distinct issues:

1. Is plaintiff entitled to the appointment of a receiver under any theory of Massachusetts law?

2. Does a federal court have jurisdiction to dissolve a solvent Massachusetts corporation pursuant to M.G.L. c. 156B § 99?

*Plaintiff's Request for a Receiver*

Plaintiff requests appointment of a receiver "in accordance with the laws of the Commonwealth of Massachusetts." The court must determine, therefore, whether there is an equitable or statutory basis for such an appointment.

It is far from clear that Massachusetts recognizes an equitable right to the appointment of a receiver. See Mount Hope Finishing Co. v. Daylor, 335 Mass. 84, 86–87, 138 N.E.2d 373, 375 (1956); Rizzuto v. Onset Cafe, 330 Mass. 595, 597–598, 116 N.E.2d 249, 250–251 (1953); Russell Box Co. v. Commissioner of Corp., 325 Mass. 536, 538–541, 91 N.E. 2d 750, 752–753 (1950); Hurley v. Boston R. Holding Co., 315 Mass. 591, 54 N. E.2d 183 (1944); Cook v. Cook, 270 Mass. 534, 170 N.E. 455 (1930).

In his affidavit which recites a history of disagreement between the parties, plaintiff's counsel concedes "[n]o charges of mismanagement in the technical legal sense are alleged at this time." In addition, the Stoneman affidavit comprehensively rebutted all colorable allegations of fraud or mismanagement in the Complaint. No counter-af-

class for the purpose of determining whether the petition is brought by the holders of not less than forty per cent of the outstanding shares as aforesaid, if:

(1) the directors are deadlocked in the management of corporate affairs, and the shareholders are unable to break the deadlock; or

(2) the shareholders are deadlocked in voting powers and have failed to elect successors to directors whose terms have expired or would have expired upon the election of their successors.

After such notice as the court may order and after hearing, the court may decree a dissolution of the corporation, notwithstand-

ing the fact that the business of the corporation is being conducted at a profit, if it shall find that the best interests of the stockholders will be served by such dissolution. Upon such dissolution, the existence of the corporation shall cease, subject to the provisions of sections one hundred and two, one hundred and four and one hundred and eight.

M.G.L. c. 156B § 99.

4. The plaintiff made numerous requests for other types of relief, but they are all ancillary to the two prayers for relief discussed in this opinion.

fidavit on this issue was filed on behalf of the plaintiff. Moreover, plaintiff's counsel removed the issue of fraud as well as mismanagement from the case at oral argument. He stated plaintiff's position to be simply that she owns one half the company and doesn't like the way it is being run.[5]

■ Even assuming Massachusetts did recognize the appointment of a receiver pursuant to general equity jurisdiction "upon the application of a minority stockholder upon a showing that the officers, directors, and shareholders in control had been fraudulently dissipating or mismanaging the corporate assets," Ashley v. Keith Oil Corp., 73 F. Supp. 37, 57 (D.Mass.1947), the plaintiff has not alleged facts which would entitle her to relief under such a doctrine.

■ Massachusetts makes statutory provision for the appointment of a receiver if corporate existence has been terminated or dissolved. In either circumstance, a creditor or stockholder may apply for the appointment. M.G.L. c. 156B § 104.[6] It is undisputed from the record that the defendant corporations are in existence today. It follows, therefore, that plaintiff is not entitled to relief under the statutory provision. For the aforesaid reasons, defendants' motion for summary judgment is allowed with respect to plaintiff's request for appointment of a receiver.

*Plaintiff's Request for Dissolution*

■ The plaintiff asserts a right to petition embodied in a Massachusetts statute, M.G.L. c. 156B § 99. The statute allows the filing of a "petition for dissolution" in the Supreme Judicial Court by a requisite number of shareholders when there exists a deadlock in either management or control of a corporation.[7] Given such a deadlock, the statute grants authority to the Supreme Judicial Court to decree a corporate dissolution if it determines such to be in the best interests of the stockholders. No other statutory remedy is available to deal with such a corporate deadlock.

■ That the power to dissolve deadlocked Massachusetts corporations is limited is apparent not only from the narrow mandate of M.G.L. c. 156B § 99, but also from Massachusetts cases standing for the proposition that, absent fraud or mismanagement, a court of equity has no inherent power to dissolve a corporation. See Rizzuto v. Onset Cafe, 330 Mass. 595, 116 N.E.2d 249 (1953); Russell Box Co. v. Commissioner of Corp., 325 Mass. 536, 91 N.E.2d 750 (1950); Hurley v. Boston R. Holding Co., 315 Mass. 591, 54 N.E.2d 183 (1944).

Plaintiff argues, however, that a federal court has the inherent equitable power to decree the dissolution of a solvent Massachusetts corporation. The defendants disagree, as does this court.

---

5. See Appendix I.

6. If the existence of the corporation for other purposes is terminated (1) by dissolution under the provisions of section ninety-nine, one hundred, or one hundred and one, (2) by the expiration of the period for its duration limited by its articles of organization, or (3) in any other manner, the supreme judicial or superior court, upon application of a creditor or stockholder, shall have jurisdiction in equity to appoint one or more receivers to take charge of its estate and effects and to collect the debts and property due and belonging to it, with power to prosecute and defend suits in its name or otherwise, to appoint agents under them and to do all other acts which might be done by such corporation, if in being, which may be necessary for the final settlement of its unfinished business. The powers of such receivers and the existence of the corporation may be continued as long as the court finds necessary for said purposes. M.G.L. c. 156B § 104.

7. The statute vests jurisdiction for a petition to dissolve a corporation only in the state's highest court, but limited state jurisdiction does not by itself defeat federal diversity jurisdiction. Union Bank of Tenn. v. Jolly's Adm'rs., 59 U.S. (18 How.) 503, 15 L.Ed. 472 (1855).

■ The inherent equity powers of a federal court are those which were administered by the English Court of Chancery in 1789. See Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 568, 59 S.Ct. 657, 83 L.Ed. 987 (1939); Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 164, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The court is not convinced that a precise historical analogue to a decree of corporate dissolution existed in the English Court of Chancery. But see generally G. Hornstein, A Remedy For Corporate Abuse, 40 Colum.L.Rev. 220 (1940).

The traditional view with respect to this issue as set forth in Pomeroy's Equity Jurisprudence and Equitable Remedies § 119 (1905) is as follows:

It is well settled, with scarcely a dissenting voice, that in the absence of express statutory authority, a court of equity has no power to dissolve a corporation.

Older federal cases supported this view. In Conklin v. United States Shipbuilding Co., 140 F. 219, 222 (C.C.D.N.J.1905), a federal court in considering dissolution of a New Jersey corporation stated:

It does not seem to me that section 69 of the New Jersey act, which, under the conditions in that section named, authorizes the New Jersey Court of Chancery to make a decree dissolving an insolvent corporation and declaring its charter forfeited and void, creates any right enforceable in a federal court. The corporation is the creature of the state. It derives its life from the state. It possesses the powers conferred by the state. The period of its existence is determined solely by the will of the state, and the state has conferred upon her Court of Chancery alone the power to act as its executioner . . .

I find no authority for the exercise of the power invoked, and the petition must be dismissed.

In Hirsch v. Independent Steel Co., 196 F. 104 (C.C.S.D.W.Va.1911), appeal dismissed, 225 U.S. 698, 32 S.Ct. 841, 56 L.Ed. 1263 (1912), certain stockholders unsuccessfully sought dissolution of a corporation pursuant to a West Virginia statute similar to M.G.L. c. 156B § 99. In denying the requested relief, the court relied on *Conklin,* and took pains to emphasize that it was being asked to dissolve a solvent corporation, without there being any allegations of fraud or mismanagement.

The Court of Appeals for the First Circuit has indicated that federal courts possess an inherent equitable power to appoint a receiver to liquidate a corporation, but only where fraud, mismanagement or abuse of trust is shown. Bailey v. Proctor, 160 F.2d 78, 81 (1 Cir. 1947) (dictum).

■ A clear distinction exists between overseeing the liquidation of a corporation which is insolvent or mismanaged, as opposed to ordering its dissolution. Tower Hill-Connellsville Coke Co. v. Piedmont Coal Co., 64 F.2d 817, 827 (4 Cir. 1933), cert. denied 290 U.S. 675, 54 S.Ct. 93, 78 L.Ed. 582 (1933). There is a rational basis for such distinction. Corporations are creatures of the Legislature. It is from this body that they derive their life, as well as the terms and conditions of their existence. It is appropriate, therefore, that the terms and conditions of their demise be determined by that body.

■ Massachusetts has never recognized an inherent judicial power to decree dissolution of a corporation in the absence of fraud. Instead, the Legislature has vested authority in the Commonwealth's highest court to hear petitions for dissolution. M.G.L. c. 156B § 99. Under this statutory procedure, fraud or mismanagement are not necessary preludes to relief. Rather, considerable discretion to determine the best interests of the stockholders was placed by the Legislature in the hands of the Supreme Judicial Court.

There being no persuasive authority to the contrary, this court holds that the dissolution of a Massachusetts corporation under the provisions of M.G.L. c. 156B § 99 is an exclusive prerogative of the Supreme Judicial Court. To rule otherwise would in effect permit the possibility of federal dissolution actions, based on this statute, being commenced in a number of different districts in which a particular Massachusetts corporation was subject to service, thereby placing an onerous burden upon the corporation. Cf. Weiss v. Routh, 149 F.2d 193, 196 (2 Cir. 1945) (L. Hand, C.J.), and possibly subjecting it to conflicting decisions.

■ Even if the court did possess jurisdiction, previously mentioned policy considerations would lead this court to decline to exercise jurisdiction in the circumstances of this case. Cf. Meredith v. Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 88 L.Ed. 9 (1943).

For the reasons stated, the court allows defendants' motion for summary judgment with respect to plaintiff's request for appointment of a receiver, and allows defendants' motion to dismiss with respect to plaintiff's request for dissolution under the provisions of M.G. L. c. 156B § 99.

So ordered.

### APPENDIX I

*Excerpt—Alkire v. Interstate Theatres —February 7, 1974*

\*    \*    \*    \*    \*    \*

MR. FEATHERSTON.    . . . The point is that the 50 percent owner of this company doesn't like the way it's being run.

Now, she is not proving fraud or even making any such allegations. That is not the case.

But she is saying, "I am not getting any money out of this. I own half of it. Let's sell it, and I will take my half and go to California." And she's got a right to do that