38 F.3d 668
 Sanford Z. FRIEDMAN, Plaintiff-Appellant,
v.
REVENUE MANAGEMENT OF NEW YORK, INC., R.M.R. & Associates,
Inc., Select Medical Delivery Systems, Inc., Ronald R.
McLaughlin, People of the State of New York and New York
State Department of Taxation and Finance, Defendants-Appellees.
 No. 1321, Docket 93-9184.
 United States Court of Appeals,
Second Circuit.
 Argued May 4, 1994.
Decided Oct. 25, 1994.
 
 S. Mac Gutman, Gutman & Gutman, Forest Hills, NY, for plaintiff-appellant.
 David S. Cook, Sr. Atty. for the State of N.Y., New York City (G. Oliver Koppell, Atty. Gen., Frederic L. Lieberman, Asst. Atty. Gen., of counsel), for appellees.
 Michael Dockterman, Wildman, Harrold, Allen & Dixon, Chicago, IL (Mark L. Weyman, Anderson, Kill, Olick & Oshinsky, New York City, of counsel), for defendants-appellees.
 Before: LUMBARD, ALTIMARI, and WALKER, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 Plaintiff-appellant Sanford Z. Friedman ("Friedman") appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, J.), dismissing his action seeking dissolution of defendant-appellee Revenue Management of New York, Inc. ("RMNY") and other relief including an accounting, damages, and an injunction. The district court dismissed those counts of Friedman's complaint relating to the dissolution of RMNY for lack of subject-matter jurisdiction and dismissed the remaining counts for improper venue. The district court held in the alternative that even if it possessed jurisdiction to dissolve RMNY, it would have abstained from exercising that power. We believe that the district court did not abuse its discretion in holding that it would abstain, assuming jurisdiction existed. In addition, we agree that venue was improper in the Southern District of New York. Accordingly, we affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 Friedman, an Indiana resident, owns one-half of the stock of RMNY, a New York corporation that provides debt collection services to hospitals. The remaining shares in RMNY are owned by defendant-appellee R.M.R. & Associates, Inc. ("RMR"), an Illinois corporation acting as a holding company for both RMNY and Select Medical Delivery Systems, Inc. ("SMDS"). Defendant-appellee Ronald L. McLaughlin ("McLaughlin"), an Illinois resident, is president of RMR and an officer of both RMNY and SMDS.
 
 
 3
 RMNY entered into contracts with two New York hospitals for the provision of debt collection services. The contracts were entered into in Illinois, but McLaughlin traveled to New York on several occasions to meet with hospital officials and to solicit other clients for RMNY. Although the hospitals are in New York, RMNY's principal place of business is in Illinois, as are its assets, books, and records. RMNY does not have an office or any employees in New York and does not conduct any of its operations in New York.
 
 
 4
 RMNY would service its contracts in the following manner: the New York hospitals would notify RMNY of their delinquent accounts and forward any necessary files to Illinois. All debt collection activity, including any and all telephone calls, occurred in Illinois. Debtors remitted their payments directly to RMNY in Illinois. In the event that legal proceedings were required against a debtor, RMNY would prepare the necessary papers in Illinois and forward them to RMNY's outside counsel in New York, who would file the required pleadings and handle any litigation. Any funds received from any litigation were deposited in counsel's escrow accounts in New York and subsequently forwarded to RMNY's accounts in Illinois.
 
 
 5
 On July 28, 1993, Friedman commenced this action seeking dissolution of RMNY and other relief arising from defendants' alleged misconduct. Friedman alleged that the shareholders of RMNY were deadlocked regarding corporate operations and that McLaughlin and RMR were looting, wasting, and diverting the assets of RMNY for non-corporate purposes. Counts one through three of the complaint sought a judgment and decree dissolving RMNY pursuant to N.Y.Bus.Corp.L. Sec. 1104. Count four sought a judgment and decree setting aside certain transactions, providing for an accounting of these transactions, and enjoining further waste pursuant to N.Y.Bus.Corp.L. Sec. 720. Count five sought an order appointing a public accountant to audit RMNY, RMR, and SMDS pursuant to N.Y.Bus.Corp.L. Sec. 1113. Count six alleged fraud in connection with McLaughlin's negotiations with Friedman in the formation of RMNY. Count seven alleged an intentional tort by McLaughlin in injuring Friedman's economic interest in the value of his RMNY stock. Count eight alleged a violation of the civil provisions of the Racketeer-Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq.
 
 
 6
 Defendants moved to dismiss the complaint for lack of personal jurisdiction over RMR and SMDS, improper venue, and forum non conveniens, or, in the alternative, to transfer the action to the Northern District of Illinois. The district court dismissed the complaint in its entirety. See Friedman v. Revenue Management of N.Y., Inc., 839 F.Supp. 203 (S.D.N.Y.1993). With respect to counts one through three, the district court sua sponte ruled that it lacked subject-matter jurisdiction to dissolve a New York corporation under New York law. Id. at 205. In the alternative, the district court held that even if it had subject-matter jurisdiction, it would abstain from exercising that power. Id. n. 2. The remaining counts were dismissed for improper venue pursuant to 28 U.S.C. Sec. 1391(b) because the alleged unlawful conduct occurred in Illinois. Id. at 206. The district court declined to transfer the action, thereby allowing Friedman to bring the entire action in New York state court. Id. at 206-07.
 
 
 7
 Friedman appeals.
 
 DISCUSSION
 
 8
 On appeal, Friedman first argues that the district court erred in holding that it lacked jurisdiction to dissolve RMNY, and that the district court lacked a sound reason to abstain from exercising that jurisdiction. Second, Friedman argues that the remaining counts of his complaint should not have been dismissed for improper venue because a substantial part of the events giving rise to his claims occurred in New York. We consider these arguments in turn.
 
 1. Jurisdiction
 
 9
 The district court held that it lacked jurisdiction to dissolve RMNY because to do so would be to exercise "a power not granted to [this Court] as well as usurping a power that rightfully belongs to the State of New York." 839 F.Supp. at 205. The district court relied on Codos v. National Diagnostic Corp., 711 F.Supp. 75, 78 (E.D.N.Y.1989), where the court held that it did not possess the equitable power to dissolve a New York corporation. See also Alkire v. Interstate Theatres Corp., 379 F.Supp. 1210, 1214 (D.Mass.1974) (holding federal court lacks equity power to dissolve corporation because no "precise historical analogue to a decree of corporate dissolution existed in the English Court of Chancery").
 
 
 10
 Friedman claims that the correct analysis is set forth in In re English Seafood (USA) Inc., 743 F.Supp. 281. (D.Del.1990). English Seafood explicitly rejected Codos and Alkire and held that under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts may enforce substantive equitable rights created by state law, such as a shareholder's right to dissolution of a corporation under a state statute. See English Seafood, 743 F.Supp. at 287-88 (if state law creates a substantive right to dissolution, "this Court has the general equitable power to protect and enforce such a right held by a litigant with whatever remedies we find necessary and appropriate").
 
 
 11
 Although we have not previously addressed this issue, we need not authoritatively resolve it at this time. Even if the district court possessed jurisdiction to dissolve RMNY, we believe that it did not abuse its discretion in holding in the alternative that it would have abstained from exercising that power. See Sheerbonnet, Ltd. v. American Express Bank Ltd., 17 F.3d 46, 48 (2d Cir.1994) (reviewing abstention for abuse of discretion).
 
 
 12
 A federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation. See Burford v. Sun Oil Co., 319 U.S. 315, 332, 63 S.Ct. 1098, 1106, 87 L.Ed. 1424 (1943). This case implicates Burford, given the comprehensive regulation of corporate governance and existence by New York.
 
 
 13
 Under these circumstances, abstention would avoid needless interference with New York's regulatory scheme governing its corporations. New York has a strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding its corporations. See, e.g., English Seafood, 743 F.Supp. at 289. Moreover, to exercise jurisdiction over a dissolution of a state corporation would allow "the possibility of federal dissolution actions, based on [state statutes], being commenced in a number of different districts in which a particular ... corporation was subject to service, thereby placing an onerous burden on the corporation." Alkire, 379 F.Supp. at 1215.
 
 
 14
 In addition, every federal court that has addressed the issue of dissolving state corporations has either abstained or noted that abstention would be appropriate, assuming jurisdiction existed. For example, in English Seafood the court declined to exercise its power to dissolve a Delaware corporation to avoid interfering with the statutory scheme that Delaware had devised for corporate regulation. 743 F.Supp. at 289. In Harrison v. CBCH Realty, Inc., 1992 WL 205839, at * 4, 1992 U.S.Dist. LEXIS 21798, at * 10 (N.D.N.Y.1992), the court abstained from dissolving a New York corporation, finding it "difficult to conceive of an issue more important to the state than the continuation or dissolution of a corporation that was created and exists through the operation of its laws." See also Codos, 711 F.Supp. at 78 ("even if federal jurisdiction existed, [we] would decline the exercise thereof"); Cuddle Wit, Inc. v. Chan, 1990 WL 115620, at * 2, 1990 U.S.Dist. LEXIS 10202, at * 4 (S.D.N.Y.1990) (declining to exercise jurisdiction over dissolution); Alkire, 379 F.Supp. at 1215 (same).
 
 
 15
 Based on the reasoning set forth above and the relevant precedent, we agree with the district court's decision to abstain from exercising jurisdiction over Friedman's claim for dissolution. Therefore, assuming that the district court possessed jurisdiction to dissolve RMNY, we believe that it did not abuse its discretion in holding in the alternative that it would abstain from exercising that power. Accordingly, we affirm the district court's dismissal of counts one through three.
 
 2. Venue
 
 16
 Friedman next argues that the district court erred in dismissing his remaining claims for improper venue, which he asserts is properly in New York, not the Northern District of Illinois. Because Friedman alleged causes of action under both state and federal law, jurisdiction rests on both the diversity of the parties, see 28 U.S.C. Sec. 1331, and the presence of a federal question, see 28 U.S.C. Sec. 1332. The appropriate venue provision is thus 28 U.S.C. Sec. 1391(b), which applies in civil actions where "jurisdiction is not founded solely on diversity of citizenship." Such actions may be brought only in: (1) a judicial district where all defendants reside, (2) a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred," or (3) a judicial district in which any defendant may be found, if the action cannot be brought in any other district.
 
 
 17
 Friedman claims that a substantial portion of the events underlying counts four through eight of his complaint occurred in New York. In support of his argument, Friedman notes that RMNY is a New York corporation that services New York hospitals, collects money from New York debtors, employs a New York law firm, and sues in New York. These facts, however, fail to establish that a "substantial part of the events or omissions giving rise to the claim" took place in New York. 28 U.S.C. Sec. 1391(b)(2).
 
 
 18
 Significantly, all the events alleged in his complaint occurred in Illinois. Friedman basically alleges that McLaughlin commingled funds and authorized other improper transactions among the defendant corporations, mismanaged RMNY and failed to maintain proper corporate records, limited Friedman's access to relevant documents, and fraudulently induced Friedman to participate in the formation of RMNY. Because all relevant corporate assets, offices, books, and records are located in Illinois, we believe that the proper venue is the Northern District of Illinois, where the substantial part of the events alleged occurred. As such, the district court properly dismissed Friedman's claims for improper venue. Moreover, the district court did not abuse its discretion in declining to transfer the action in order to permit Friedman to institute a single action in New York state court, where he might obtain the full relief he seeks. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993) (decision to transfer or dismiss within sound discretion of district court).
 
 CONCLUSION
 
 19
 Accordingly, we affirm the judgment of the district court based on its alternative holding that it would abstain from exercising jurisdiction and on its determination regarding the proper venue.