Neary v. Miltronics                    CV-07-273-JL      2/22/08      P

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Cleo B. Neary
and Stephen Neary

          v.                          Civil No. 07-cv-273
                                      Opinion No. 2008 DNH 043
Miltronics Manufacturing
Services, Inc., Anton Neary,
Elisabeth Neary and Matthew Neary


ORDER

The plaintiffs, minority shareholders in defendant

Miltronics Manufacturing Services, Inc., a closely held

corporation, seek its judicial dissolution or, in the

alternative, an injunction against their ouster as its directors

at the hands of its majority shareholder, defendant Anton Neary.

Plaintiffs Cleo B. Neary and Stephen Neary -- who are Anton's

mother and brother, respectively -- also seek an accounting of

payments the corporation has made for Anton's benefit, together

with damages equal to those sums.  The plaintiffs claim that, in

retaliation for their complaints over Anton's alleged

mismanagement of the company, he has engaged in a "freeze out"

scheme by removing them from its board of directors and reducing

their compensation as its employees, intending to appropriate its

assets for his own benefit.

The defendants, including Anton and his wife and son -- who

also sit on the Miltronics board -- have moved to dismiss this

action for lack of subject-matter jurisdiction.  In the

alternative, they ask this court to abstain from exercising jurisdiction as to the plaintiffs' claims for equitable relief under Burford v. Sun Oil Co., 319 U.S. 315 (1943), which endorses abstention "to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." Pub. Serv. Co. of N.H. v. Patch, 167 F.3d 15, 24 (1st Cir. 1998) (citing New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361-64 (1989)). The court heard oral argument on the motion on February 20, 2008.

For the reasons explained below, the motion is granted in part. This court abstains from adjudicating the plaintiffs' equitable claims, which are dismissed without prejudice. The remaining claims for damages are stayed until the equitable claims are resolved in state court.

<u>Applicable Legal Standards</u>

Miltronics is a Vermont corporation, though it maintains its principal place of business just over the border in Keene, New Hampshire, where Anton and his wife and son live. Claiming domicile in Florida, Cleo and Stephen commenced this action against Miltronics and the other defendants in this court, invoking its diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). They therefore bear the burden to show that subject-matter jurisdiction exists. See, e.g., Johansen v. United States, 506

2

F.3d 65, 68 (1st Cir. 2007).  As the parties seeking <u>Burford</u> abstention, however, the defendants bear the burden of showing that it is the appropriate course.  <u>See</u> <u>Grode v. Mut. Fire, Marine & Inland Ins. Co.</u>, 8 F.3d 953, 960 (3d Cir. 1993).

<u>Analysis</u>

Like all states, <u>see</u> 16A <u>Fletcher Cyclopedia of Corporations</u> § 8034, at 84 (rev. ed. 2003), Vermont provides a statutory procedure for the judicial dissolution of corporations formed under its law.  <u>See</u> Vt. Stat. Ann. tit. 11A, § 14.30.  The statute makes this relief available on a number of grounds, including those invoked by the plaintiffs here: (1) that "the directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent," and (2) that "the corporate assets are being misapplied or wasted."  <u>Id.</u> §§ 14.30(B), (D).  If such grounds exist, the court may enter a decree dissolving the corporation, then proceed to "direct the winding up and liquidation of the corporation's business affairs" in the manner provided by the statute.  <u>Id.</u> § 14.33.  "In the course of such proceedings the rights of creditors and stockholders are afforded special protection by way of notice, time for presentation of claims and opportunity for hearing as the court may direct."  <u>Hall v. Pilgrim Plywood Corp.</u>, 227 A.2d 285, 288 (Vt. 1967) (discussing prior version of statute); <u>see also</u> Vt. Stat. Ann. tit. 11A, §§

3

14.06-14.09.

The statute further empowers the court to issue injunctions, appoint a receiver or custodian, or take other action to preserve the corporation's assets until the petition for dissolution can be heard. Vt. Stat. Ann. tit. 11A, § 14.31(c). Venue over dissolution proceedings, when they are commenced by shareholders, "lies in the county where the corporation's principal office (or, if none in this state, its registered office) is or was last located." Id. § 14.31(a).

Based on the existence of similar state-law procedures, "every federal court that has addressed the issue of dissolving state corporations has either abstained or noted that abstention would be appropriate, assuming jurisdiction existed." Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668, 671 (2d Cir. 1994); see also, e.g., Caudill v. Eubanks Farms, Inc., 301 F.3d 658, 665 (6th Cir. 2002); Ives v. Advanced Broadband Solutions, Inc., No. 2003-0848, 2004 WL 180043, at *5 (D. Md. Jan. 23, 2004); Kimmel v. Wirtz, No. 91-117, 1991 WL 277632, at *6 (N.D. Ill. Dec. 19, 1991); In re English Seafood (USA), Inc., 743 F. Supp. 281, 289 (D. Del. 1990); Codos v. Nat'l Diagnostic Corp., 711 F. Supp. 75, 78 (E.D.N.Y. 1989); Alkire v. Interstate Theatres Corp., 379 F. Supp. 1210, 1215 (D. Mass. 1974).[1] These courts have generally

---

[1]Because this court concludes, like a number of these other courts have, that it should abstain from exercising jurisdiction over the plaintiffs' claims for dissolution and other equitable

4

concluded that "federal courts should abstain from interfering with the development and administration of the complex statutory schemes that states have devised to regulate corporations created under their laws." English Seafood, 743 F. Supp. at 288 (citing Alkire, 379 F. Supp. at 1215); see also, e.g., Caudill, 301 F.3d at 655; Friedman, 38 F.3d at 671; 16A Fletcher Cyclopedia of Corporations § 8099, at 174 (rev. ed. 2003).

Many of these courts have relied on Burford in support of this conclusion, see, e.g., Caudill, 301 F.3d at 660-65, Friedman, 38 F.3d at 671; Ives, 2004 WL 180043, at *3-*5, while others have not, at least explicitly, see, e.g., English Seafood, 743 F. Supp. at 288-89; Alkire, 379 F. Supp. at 1215. It is perhaps open to question whether state corporation statutes in general, and their judicial dissolution procedures in particular, truly represent the kind of "'administrative processes for the determination of complex, policy-laden, state-law issues'" usually deemed essential to Burford abstention. Sevigny v. Employers Ins. of Wasau, 411 F.3d 24, 29 (1st Cir. 2005) (quoting Fragoso v. Lopez, 991 F.2d 878, 882 (1st Cir. 1993)). But the

relief, it need not decide whether it has subject-matter jurisdiction over those claims in the first instance. Federal courts are free "to choose among threshold grounds for denying audience to a case on the merits." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999); see also Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (deciding to abstain from exercising jurisdiction without reaching question of whether it existed).

5

court need not resolve that question here because, even if the circumstances of this case do not support Burford abstention, they nevertheless support abstention on other grounds.

"[A]bstention doctrines are not a closed-end collection of exceptions" to the exercise of the subject-matter jurisdiction conferred upon the federal courts by Congress.  Id. at 30.  One such exception, reflected in the uniform case law just cited, is that federal courts abstain from hearing claims for the dissolution of state corporations.  In a case decided prior to Burford, in fact, the Supreme Court held that a federal district court should not have maintained a receivership over a failed Pennsylvania bank in the face of that state's "complete, comprehensive and economical scheme for liquidation by the [state] Secretary of Banking of such a [bank]."  Pennsylvania v. Williams, 294 U.S. 176, 179 (1935).  The Court held that, under these circumstances, the district court should have declined to exercise jurisdiction, observing that "[i]t has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state."  Id. at 185.

Williams provides a compelling -- and controlling -- reason, independent of the Burford doctrine, for federal courts to abstain from hearing claims for dissolution and analogous relief

against state corporations.  Indeed, courts have recognized additional concerns, not necessarily tied to those supporting Burford abstention, for declining to exercise jurisdiction over dissolution suits.  These concerns include "the possibility of federal dissolution actions . . . being commenced in a number of different districts in which a particular [state] corporation was subject to service, thereby placing an onerous burden on the corporation," as well as the more formal notion that

> [c]orporations are creatures of the Legislature.  It is from this body that they derive their life, as well as the terms and conditions of their existence.  It is appropriate, therefore, that the terms and conditions of their existence be determined by that body.

Alkire, 379 F. Supp. at 1214-15; see also English Seafood, 743 F. Supp. 288-89; Codos, 711 F. Supp. at 78.  Thus, regardless of whether the plaintiffs' equitable claims here meet the stringent requirements for Burford abstention, see generally Fragoso, 991 F.2d at 882-86, abstention is nevertheless appropriate to avoid infringing on Vermont's important interests in overseeing the continued existence of corporations created under its laws.  See Harrison v. CBCH Realty, Inc., No. 92-434, 1992 WL 205839, at *3 (N.D.N.Y. Aug. 13, 1992) (abstaining from exercising jurisdiction over action to dissolve corporations while acknowledging that "this case does not fall within any of the accepted abstention doctrine categories," including Burford).

These interests are implicated not only by the plaintiffs'

7

request to dissolve Miltronics, but also by their claims for an accounting and an injunction against their removal from its board. After all, the Supreme Court in Williams cautioned against the exercise of federal jurisdiction whenever "it would involve control of or interference with the internal affairs of a domestic corporation of the state." 294 U.S. at 185. Few actions would exert greater "control of or interference with" Miltronics's internal affairs than forcing the production of its corporate records or dictating the composition of its board of directors. This court will therefore abstain from hearing not only plaintiffs' dissolution claims, but their other claims for equitable relief as well. See Feiwus v. Genpar, Inc., 43 F. Supp. 2d 289, 299 (E.D.N.Y. 1999) (abstaining from hearing requests to dissolve corporation, appoint receiver, compel buy-out of minority shareholder, compel accounting, and void results of shareholders' meetings); Ives, 2004 WL 180043, at *5 (abstaining from hearing claims for dissolution and accounting).

As the defendants acknowledge, this reasoning does not extend to plaintiffs' claims for damages based on Anton's allegedly directing the corporation to make payments for his benefit. The Supreme Court has instructed that, under its precedents, "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." Quackenbush v.

8

Allstate Ins. Co., 517 U.S. 706, 731 (1996). But in "damages actions," the Court has "only permitted a federal court to withhold action until the state proceedings have concluded; that is, . . . to enter a stay." Id. at 730 (internal quotation marks and citation omitted). This distinction reflects the origin of abstention principles in "the discretion historically enjoyed by courts of equity," as opposed to courts at law. Id. at 729 (internal quotation marks omitted).

Thus, the proper course in an action that presents claims for both equitable relief and damages is to dismiss the former and stay the latter, pending adjudication of the equitable claims at the state level (assuming, of course, that abstention is otherwise appropriate). See id. at 719. This was the tack taken by the court in Feiwus, which dismissed the plaintiff's claims for dissolution, an accounting, and other equitable remedies against a corporation, but stayed his damages claims, pending resolution of the equitable claims in state court. 43 F. Supp. 2d at 301.

The plaintiffs argue that, because this court must likewise stay, rather than dismiss, their claim for damages, "reasons of fairness and judicial economy" counsel in favor of also exercising jurisdiction over their equitable claims, which "all involve the same conduct and courses of action." This argument, however, proves too much. If the specter of having to litigate

9

issues common to legal and equitable claims at both the state and federal level were reason enough for a federal court to hear the equitable claims notwithstanding abstention principles, then the "abstain and stay" approach expressly endorsed by the Supreme Court would be available only in theory, because nearly all actions joining legal and equitable claims will involve some commonality. As its Quackenbush decision suggests, the Court simply gives the "principles of federalism and comity" animating its abstention doctrines more weight than concerns of fairness and judicial economy that might ordinarily counsel against re-litigation of the same issues in different courts.[2] 517 U.S. at 728 (internal quotation marks omitted). To honor the important principles of federalism and comity underlying the federal judiciary's traditional refusal to meddle in affairs of corporate governance, this court must abstain from hearing the plaintiffs' equitable claims, even if that means they must return here to litigate their claims for damages after resolving their equitable

---

[2]To the extent that Quackenbush reflects any concern with the potentially duplicative effort of returning to federal court to try claims for damages following the resolution of intertwined equitable claims in state court, it suggests that such concerns can be addressed "in certain narrow circumstances, under the common-law doctrine of forum non conveniens," by dismissing the entire action in favor of state court adjudication. 517 U.S. at 721-22. But the plaintiffs do not suggest that this course is appropriate here -- indeed, they argue for the opposite approach, that the entire case should remain in this court -- so this court need not consider the application of the forum non conveniens doctrine in this context.

10

claims in state court.[3]  See Feiwus, 43 F. Supp. 2d at 302 (abstaining from jurisdiction over equitable claims against corporation despite intertwined claims for damages).

The plaintiffs also allege that "Miltronics is truly a Vermont corporation in name only," with its offices and the majority of its employees, customers, and creditors located in New Hampshire.  As the plaintiffs explained at oral argument, a Vermont state court hearing their equitable claims will therefore lack the power to subpoena a number of potential witnesses, and the corporation's creditors and other interested parties will have to travel out-of-state to attend the dissolution proceedings.  Abstention doctrines, however, have developed not out of a concern for the convenience of the parties and witnesses, but out of a respect, inherent in the federalist system, for state prerogatives in certain areas of governance.  See Quackenbush, 517 U.S. 716-17.  As just explained, the former must give way to the latter when they conflict.  Id. at 728.  This court's decision to abstain from hearing the plaintiff's equitable claims, then, does not reflect a judgment that they should be heard in a Vermont court instead of a New Hampshire court, but that they should not be heard in a federal court,

---

[3]The plaintiffs, of course, can avoid these duplicative efforts by voluntarily dismissing their damages claims in this court without prejudice so they may refile them in state court along with their equitable claims.

11

whether in New Hampshire or elsewhere.[4]  In fact, the decision would be the same even if Miltronics actually were a New Hampshire corporation incorporated under New Hampshire law.

Finally, the inconvenience to witnesses in traveling to Vermont from New Hampshire (or the similar inconvenience to the parties and their counsel in compelling witnesses to make the trip) is minimal, given the close proximity of the two states.[5] Even if the practical difficulties resulting from abstention could justify eschewing that course in a particular case, then, this would not appear to be the one.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 7) is GRANTED insofar as it requests that this court abstain from hearing the plaintiffs' claims for equitable relief (counts 1, 2, and 5), which are dismissed without prejudice.  The plaintiffs' claims for damages (counts 3 and 4) are stayed pending the final adjudication of their equitable claims in state court.  The clerk shall administratively close the case during the stay.

---

[4]Indeed, this court expresses no opinion on where the plaintiffs should re-file their equitable claims.

[5]New Hampshire and Vermont "lie like wedges,/Thick end to thin end and thin end to thick end,/And are a figure of the way the strong of mind and strong of arm should fit together . . . ." Robert Frost, "New Hampshire," in Collected Poems, Prose and Plays 155-56 (Richard Poirier & Mark Richardson, eds., 1995).

12

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

February 22, 2008

cc:  Michael C. Harvell, Esq.
     Zara K. Morgan, Esq.
     Potter Stewart, Jr., Esq.