**Rita J. MINNETTE, Plaintiff-Appellant,**

v.

**TIME WARNER, Defendant–Appellee.**

**No. 825, Docket 92-7951.**

United States Court of Appeals, Second Circuit.

Argued June 14, 1993.

Decided June 30, 1993.

Harlan Silverstein, New York City (Raymond G. McGuire, Kauff, McClain & McGuire, of counsel), for defendant-appellee.

Rita J. Minnette, pro se.

Before: CARDAMONE and MAHONEY, Circuit Judges, and PARKER, District Judge.*

CARDAMONE, Circuit Judge:

Rita J. Minnette, *pro se*, appeals from a judgment dated August 3, 1992 of the United States District Court for the Western District of New York (Curtin, J.) dismissing her Title VII complaint against Time Warner, Inc. for lack of venue and for her failure to respond to Time Warner's request to dismiss.

While cases generally should be heard and decided on their merits, a number of procedural devices have been installed to filter out, for example, matters obviously lacking merit in law or on the facts or where, as here, it is alleged that plaintiff failed diligently to prosecute her action and set venue in the wrong locale. In those matters near the border of dismissal for one or another deficiency, however, courts must be careful, especially in civil rights cases, not to dismiss a case too hastily on procedural grounds. Although a case should win only on its merits, it should not be lost on account of an ostensible procedural bar. Plaintiff is entitled to her day in court, unless the posture of her case clearly fails to overcome relevant procedural barriers. Here we think those barriers have been successfully surmounted.

* Hon. Fred I. Parker, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

## BACKGROUND

In early 1989 appellant sought but failed to attain employment as a permit supervisor at the Time Warner office in Reston, Virginia. As a result she filed charges in October 1989 with the Equal Employment Opportunity Commission (EEOC) against that company alleging that it denied her employment in retaliation for sex discrimination charges she had filed against Time Warner in 1984. By notice dated March 8, 1991 the EEOC dismissed her charges because the evidence failed to establish a Title VII violation. The EEOC's Determinations Review Program affirmed the EEOC decision and Minnette received a "right-to-sue" letter on September 2, 1991.

On November 26, 1991 appellant commenced this action against Time Warner in the Western District of New York pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1988). Minnette claimed that the company had denied her employment in retaliation for her 1984 discrimination charges. The company filed an answer on January 24, 1992 asserting a host of affirmative defenses, including improper venue. The district court directed both parties to submit letters by April 1, 1992 setting forth their intended discovery plans and stated that upon receipt of these letters a telephone conference would be scheduled. It also instructed Minnette to notify the court if she retained counsel or if her telephone number changed.

Time Warner submitted a letter on March 24, 1992 outlining its discovery plan. Minnette submitted her letter on April 1 in which she listed her discovery request. She also informed the court of her intended relocation from Byron, New York to New York City and of her telephone's disconnection. In light of her relocation, she requested that her case be transferred to the Southern District of New York, where she had another case pending against Time Warner. Time Warner responded to Minnette's letter by requesting that her action be dismissed for

improper venue or, in the alternative, that the matter be transferred to the Eastern District of Virginia. On April 10, 1992 the district court clerk's office issued a notice scheduling a telephone conference between the district judge and the parties for May 1, 1992, to discuss the issues raised by their status letters. The conference was adjourned because Minnette could not be reached by telephone.

In an order dated July 30, 1992 the trial court dismissed Minnette's complaint both for improper venue and for failure to respond to Time Warner's letter requesting dismissal. The order noted that plaintiff had failed to address the points defense counsel raised and that venue, based on what appears in the file, had not been properly laid in the Western District of New York. Judgment was entered on August 3, 1992 from which appellant took a timely appeal contesting both grounds relied on by the district court.

## DISCUSSION

### A. *Dismissal for Improper Venue*

■ Minnette first contends the district court should have transferred the action to the Southern District of New York rather than dismiss it. Appellant asserts that she filed her action in the Western District of New York after the court clerk there informed her that she could file her claim in that district, and that if venue was improper, the court would transfer her case to the proper venue.

■ The governing statute states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*." 28 U.S.C. § 1406(a) (1988) (emphasis added). Whether dismissal or transfer is appropriate lies within the sound discretion of the district court. *See Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984); 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3827, at 261–62 (2d ed. 1986).

There was no statutory basis in the instant case for laying venue in the Western District of New York, *see* 42 U.S.C. § 2000e–5(f)(3) (1988). Title VII's venue provision provides that an action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, *but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent had his principal office.*

*Id.* (emphasis added). Therefore, the district court had discretion under 28 U.S.C. § 1406(a) either to transfer the action in accord with Title VII's venue provision or to dismiss it.

■ It properly denied appellant's request to transfer the case to the Southern District of New York. Although Time Warner maintains its principal place of business in Manhattan, the judicial district where the employer's principal office is located is a proper place for venue only if venue cannot be laid in one of the other three possible districts specified in the statute. It is undisputed that Reston, Virginia is the judicial district within which Time Warner's alleged discriminatory practice took place. It is also the district where Minnette would have been employed but for Time Warner's alleged discriminatory action. Further, the personnel and other employment records relevant to the alleged discriminatory practice were maintained at Time Warner's Reston facility. Because there is no indication that Time Warner could not be found in the Eastern District of Virginia, venue properly belonged there.

■ We deem it appropriate, however, to exercise our statutory and inherent authority to transfer this case to the Eastern District of Virginia in the interest of justice. *See Bolar v. Frank,* 938 F.2d 377, 379–80 (2d Cir.1991) (per curiam). Appellant would now

be time-barred from initiating a new action. A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1) (1988). In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the 90-day limitations period. *See Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992); *see also Brown v. Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir.1991) (holding that limitations period was not tolled during pendency of dismissed action). Given that the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits, *see Bolar v. Frank*, 938 F.2d at 380, the transfer of this action, when the statute of limitations has run, is in the interest of justice.

### B. *Dismissal for Failure to Prosecute*

██ Minnette next asserts that the trial court erred by dismissing her claim for failure to respond to Time Warner's request to dismiss. A district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed.R.Civ.P. 41(b), *see Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir.1982). Here the district court also had authority to dismiss for failure to prosecute under Fed.Local Ct.Rules, WDNY Rule 18 (Local Rule 18).

██ A dismissal for lack of prosecution is a discretionary act, *see, e.g., Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir.1992), that we will overturn only for an abuse of the district court's discretion. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986). We have repeatedly emphasized that "dismissal is 'a harsh remedy to be utilized only in extreme situations,'" *Gibbs*, 966 F.2d at 109 (*quoting Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam)), and viewing this record as a whole, we believe the district court abused its discretion in finding that this matter constituted such an extreme case. In the controversy at hand only three months had transpired without action on Minnette's part, and until her move to New York City she had diligently prosecuted her case. She noti-

fied the district court of her discovery plan and of her intended relocation.

Further, Local Rule 18 requires that before dismissal a case be pending for six months and that there be warning of imminent dismissal. There is no evidence to suggest that appellant received notice that failure to respond to Time Warner's letter would result in dismissal. Nor was she given proper notice pursuant to Local Rule 18. Moreover, Time Warner made no claim that it had suffered any prejudice because of the delay. In fact, it requested in its April 29, 1992 letter to the district court that the case be transferred, if not dismissed, to the Eastern District of Virginia.

In light of lack of notice to plaintiff that her action would be dismissed if she failed to respond and her diligent prosecution up to that point, as well as a lack of prejudice to defendant, it was an abuse of discretion to dismiss this case.

### CONCLUSION

Given our conclusion that the district court abused its discretion in dismissing this case for improper venue or for failure to prosecute, we would ordinarily reverse and remand this matter to avoid the harsh remedy of dismissal. Instead, to save judicial time, we will exercise our authority under 28 U.S.C. § 1406(a) and transfer this case directly to the Eastern District of Virginia as a matter of judicial economy and in accord with the functional purpose of § 1406(a). *See Bolar*, 938 F.2d at 379–80 (holding Court of Appeals had authority to transfer action to cure venue defect). Accordingly, the judgment of the district court dismissing this action is vacated and appellant's case is transferred directly to the Eastern District of Virginia.

Judgment vacated and case transferred.