**Sanford Z. FRIEDMAN, Plaintiff,**

v.

**REVENUE MANAGEMENT OF NEW YORK, INC., R.M.R. & Associates, Inc., Select Medical Delivery Systems, Inc. and Ronald R. McLaughlin, Defendants.**

**No. 93 Civ. 5254 (KTD).**

United States District Court, S.D. New York.

Oct. 1, 1993.

Gutman & Gutman, Forest Hills, NY (S. Mac Gutman, of counsel), for plaintiff.

Anderson Kill Olick & Oshinsky, P.C., New York City (Mark L. Weyman, of counsel) and Wildman, Harrold, Allen & Dixon, Chicago, IL, for defendants.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants move pursuant to Fed.R.Civ.P. 12(b)(2) for an order dismissing the Complaint against Defendants R.M.R. & Associates ("RMR") and Select Medical Delivery Systems ("SMDS") on the grounds that the court lacks personal jurisdiction. Defendants also move to dismiss the entire Complaint pursuant Fed.R.Civ.P. 12(b)(3), claiming that this court is an improper venue for this matter. In the alternative, Defendants move to dismiss or transfer the Complaint on the grounds of forum *non conveniens* pursuant to 28 U.S.C. § 1404(a) (1976 & Supp. 1993). For the following reasons, Defendants' Motion to Dismiss is granted.

## BACKGROUND

Plaintiff, Sanford Friedman ("Friedman"), is an Indiana resident.[1] All the Defendants are Illinois residents, except for Revenue Management of New York, Inc. ("RMNY"), which is a New York resident. Friedman owns 50% of the shares of RMNY. The other 50% is owned by RMR. Defendant, Ronald McLaughlin ("McLaughlin"), is a shareholder and director of both RMR and SMDS, and, along with Friedman, is also a director of RMNY. Compl. ¶¶ 8–14.

RMNY, a New York corporation, provides debt collection services to hospitals and other medical centers in New York City. McLaughlin Aff. ¶ 4. While RMNY has a New York City office, it has no employees in New York, and it principally conducts its affairs from a Chicago office. *Id.*

In his Complaint, Friedman alleges, *inter alia*, that McLaughlin and RMR mismanaged RMNY, committed acts of fraud, misrepresentation, and waste, and have breached the fiduciary duty owed to him. Compl.

---

1. Defendants claim that Friedman is in fact an Illinois resident, which, if true, would eliminate diversity jurisdiction. *See* McLaughlin Aff. ¶ 6. Because I am dismissing the Complaint for other reasons, I will not address this factual matter.

¶¶ 26–28. The Complaint raises eight causes of action. Counts 1 through 3 (the "Dissolution Counts") request a judgment and decree dissolving RMNY pursuant to New York law. *See* New York Bus.Corp.Law §§ 1104 & 1104–a (McKinney 1986). Compl. ¶¶ 29–37. Count 4 requests a judgment and decree setting aside certain transactions, providing an account of these transactions, and enjoining further waste. *See* New York Bus.Corp. Law § 720. Compl. ¶¶ 38–40. Count 5 requests an order appointing a public accountant to audit the records of the three corporate defendants. *See* New York Bus.Corp. Law § 1113. Compl. ¶¶ 40–43. Counts 6 and 7 allege fraud and intentional tort respectively on the part of McLaughlin. Compl. ¶¶ 44–51. Finally, Count 8 alleges that all the Defendants engaged in a pattern of activity in violation of federal racketeering laws. Compl. ¶¶ 52–56.

## DISCUSSION

### 1. *Subject Matter Jurisdiction*

 While Defendants' Motion to Dismiss is based on lack of personal jurisdiction and improper venue, *See* Fed.R.Civ.P. 12(b)(2) & (3), I find, however, that this court lacks subject matter jurisdiction over the Dissolution Counts. Rule 12(h)(3) authorizes me to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed.R.Civ.P. 12(h)(3). *See Bernstein v. Universal Pictures, Inc.,* 517 F.2d 976, 978 (2d Cir.1975) ("There can be little doubt that a district court should be alert to terminate an action under Rule 12(h)(3) when lack of subject matter jurisdiction becomes apparent."). Moreover, the parties have suggested that subject matter jurisdiction is lacking with respect to the Dissolution Counts. *See* Plaintiff's Mem. of Law, at 18–19.

Several cases at the district court level of this circuit have held that federal courts do not have subject matter jurisdiction over actions to dissolve New York corporations under New York law. *See, e.g., Harrison v. CBCH Realty, Inc.,* 1992 WL 205839 at *4 (N.D.N.Y. Aug. 13, 1992) (Scullin, J.); *Cuddle Wit, Inc. v. Chan,* 1990 WL 115620 at *2 (S.D.N.Y. Aug. 7, 1990) (Keenan, J.); *Codos v. National Diagnostic Corp.,* 711 F.Supp. 75, 78 (E.D.N.Y.1989) (McLaughlin, J.). Although the Court of Appeals for the Second Circuit has not addressed this issue, I agree with the sound reasoning of my brothers.

A corporation is a creature of state law. Its very existence depends on state law. Any powers a corporation may possess are conferred upon it by state law. *See, e.g.,* N.Y. Bus. Corp. Law § 202 (granting New York corporations specific powers). Indeed, the "period of its existence is determined solely by state law." *Codos,* 711 F.Supp. at 78 (quoting *Conklin v. United States Shipbuilding Co.,* 140 F. 219, 222 (C.C.D.N.J. 1905)). To grant an order to dissolve a New York corporation, I would be using a power not granted to me as well as usurping a power that rightfully belongs to the State of New York.[2] *Id.*

Here, the Dissolution Counts request an order to dissolve a New York corporation. This court has no jurisdiction to do so. Accordingly, Counts 1 through 3 are dismissed without prejudice for lack of subject matter jurisdiction.

### 2. *Improper Venue*

Although this court has subject matter jurisdiction over Counts 4 through 8, venue is

---

**2.** The District Court of Delaware has ruled that corporate dissolution is within a federal court's equity power. *In re English Seafood (USA) Inc.,* 743 F.Supp. 281, 288 (D.Del.1990). The court abstained from granting an order to dissolve the corporation. *Id.* at 288–89. *See Pennsylvania v. Williams,* 294 U.S. 176, 185, 55 S.Ct. 380, 385, 79 L.Ed. 841 (1935) (federal courts should abstain from exercising jurisdiction "where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state."). While I disagree with *English Seafood*'s premise that federal courts have equity power to dissolve corporations, *see Codos,* 711 F.Supp. at 78, I note that abstaining from exercising jurisdiction in this case is also appropriate for the reasons stated in *English Seafood,* 743 F.Supp. at 288–89. *See Burford v. Sun Oil, Co.,* 319 U.S. 315, 318–19, 63 S.Ct. 1098, 1099–1100, 87 L.Ed. 1424 (1943) (abstention is appropriate where federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern).

improper. Friedman claims that this court is the proper venue pursuant to New York Bus. Corp. Law § 1112 and 28 U.S.C. § 1391(a). Compl. ¶ 2.

■ Determination as to proper federal venue strictly depends on federal law. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 2716 n. 15, 61 L.Ed.2d 464 (1979). Therefore, New York Bus. Corp. Law § 1112 is irrelevant for the determination of proper venue.

Section 1391(a) deals with venue "wherein jurisdiction is founded only on diversity of citizenship." 28 U.S.C. § 1391(a) (Supp. 1993). Jurisdiction here is based on diversity and a federal question. *See* Compl. ¶¶ 52–56. Therefore, § 1391(a) is also irrelevant for the determination of proper venue. The appropriate federal statute is 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship ... may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since Friedman does not specify, I am unsure as to which part of § 1391 he believes creates venue in the Southern District of New York.

■ It is clear that part (1) is not applicable. All the Defendants do not reside in the same state since RMNY is a New York resident, while the other Defendants reside in Illinois. Part (2), however, does apply. It creates venue in the district where a substantial portion of the events or omissions giving rise to the claim occurred. In this case, all the events giving rise to Counts 4 through 8 occurred in the Northern District of Illinois.

Count 4 states that McLaughlin mismanaged RMNY and that he converted and wasted RMNY's funds. Count 5 claims that McLaughlin and RMR failed to maintain proper accounting records. Counts 6 and 7 allege that McLaughlin committed fraud and an intentional tort respectively during the discussions prior to the formation of RMNY. Finally, Count 8 alleges that all the Defendants, through a conspiracy, violated the federal racketeering laws. All these claims stem from events that, if true, occurred in the Northern District of Illinois.

■ Friedman does not directly address § 1391(b). He only argues that because the hospitals serviced by RMNY operate in New York City, important documents and witnesses are located in the Southern District of New York, and therefore this district is the most convenient. Convenience is only an issue where more than one district has proper venue. It is not part of the venue determination. *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir.1992). In this case, only the Northern District of Illinois has proper venue. Although some transactions involving RMNY occurred in New York, all the alleged unlawful conduct occurred in Illinois.[3] *See also id.* at 868.

The specific allegations of Counts 4 through 8 lead me to conclude that § 1391(b)(2) establishes the Northern District of Illinois as the proper venue for these claims. Section 1391(b)(3) applies only if parts (1) and (2) do not establish venue. Since I have ruled that part (2) establishes venue in the Northern District of Illinois, part (3) is inapplicable.

■ Therefore, the Southern District of New York is not the proper venue. Accordingly, Counts 4 through 8 are dismissed without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a). Normally, I would transfer the case to the proper venue instead of dismissing it entirely. *See Zumft v. Doney Slate Co.*, 698 F.Supp. 444, 446–47 (E.D.N.Y.1988). Because I ruled that federal courts do not have subject matter jurisdic-

---

**3.** Because the Motion to Dismiss is granted for improper venue, I will not address the issue of

forum *non conveniens*.

tion over the Dissolution Counts, part of the Complaint must proceed, if at all, in the New York State Courts. *See* New York Bus. Corp. Law § 1112. Therefore, Friedman should have the option of proceeding with the entire claim in the New York State Courts [4] or bringing a separate claim in the Northern District of Illinois. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993) (court has discretion to dismiss or transfer an improperly venued action).

For the foregoing reasons, the Counts One through Three of the Complaint are dismissed without prejudice for lack of subject matter jurisdiction and Defendant's Motion to Dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) is granted without prejudice for Counts 4 through 8 of the Complaint.[5]

SO ORDERED.

---

4. I leave the issue as to whether New York has personal jurisdiction over RMR or SMDS undecided because it will only arise if Plaintiff brings the entire claim in the New York State Courts.

5. Pending before me is Plaintiff's Order to Show Cause requiring the Defendants to show, *inter alia,* why RMNY should not be dissolved. This Memorandum and Order renders the Order to Show Cause moot.