Etoile LE BLANC and Steven Ossen, Plaintiffs,

v.

Terry CLEVELAND and Robert Grant, Jr., Defendants.

No. 95 Civ. 2125.

United States District Court, S.D. New York.

Sept. 22, 1995.

---

Paul S. Edelman, Kriendler & Kriendler, New York City, for plaintiffs.

Johnson S. Albright II, Burke Grossman Valenti & Rzepka, Rochester, NY, for defendant Grant.

Marc D. Orloff, Dupee & Orloff, Goshen, NY, for defendant Cleveland.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs Etoile Le Blanc ("Le Blanc") and Stephen Ossen ("Ossen"), bring this action in admiralty against Terry Cleveland ("Cleveland") and Robert Grant, Jr. ("Grant"). Both Le Blanc and Ossen seek damages for personal injuries allegedly sustained on the Hudson River when the defendants' boat struck their kayak.

Presently before the Court is defendants' motion to change venue pursuant to 28 U.S.C. § 1406(a) which grants a district court the discretionary power to dismiss or transfer any civil action in a district with improper venue to a district court where it should have been brought. Both Le Blanc and Ossen oppose this motion arguing inconvenience to parties and witnesses. Defendants' motion is granted.

Because this case is in admiralty, the appropriate venue statute is 28 U.S.C. § 1391(b) which mandates that a case not founded solely on diversity of citizenship may be brought only in (1) a district where any defendant resides if they all reside in the same state; (2) a district where a substantial part of the events giving rise to the claim took place; or (3) a district where any defen-dant may be found, if there is no other district where the case may be brought.

We find that transfer in this action is proper. While the plaintiff selected a forum in the Southern District of New York, the action cannot be brought in this district because it does not comply with the mandates of Section 1391. Neither Grant nor Cleveland lives in the Southern District of New York as required by subsection (1); they both live in the Northern district of New York. As for subsection (2), all the events which underlie the claim occurred in the Northern District of New York. Finally, it is not alleged that the defendants "may be found" in the Southern District of New York.[1] For these reasons, only the Northern District of New York has the proper venue.

Plaintiffs argue that transfer is improper because they live and the witnesses are located in the Southern District of New York. However, because venue is improper under Section 1391, we decline to address the convenience of the parties. See *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992); see also *Friedman v. Revenue Management of New York*, 839 F.Supp. 203, 205 (S.D.N.Y.1993).

## CONCLUSION

For the reasons stated above, defendants' motion to transfer is granted. The Clerk of the Court is hereby directed to transfer this action to the Northern District of New York.

**SO ORDERED.**

---

**1.** Because subsections (1) and (2) establish venue in the Northern District of New York, part (3) is not pertinent to this case. See *Friedman*, 839 F.Supp. at 206.