**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1321**

---

JACQUELINE QUINN,

                                   Plaintiff - Appellant,

        versus

DEBBIE WATSON, deli manager for Publix
Supermarket; PUBLIX SUPERMARKET, INCORPORATED,

                                   Defendants - Appellees.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge. (CA-04-104-1)

---

Submitted:  July 22, 2005          Decided:  August 10, 2005

---

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jacqueline Quinn, Appellant Pro Se.  Edmund Joseph McKenna, FORD &
HARRISON, Tampa, Florida, for Appellee Publix Supermarket, Inc.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jacqueline Quinn appeals the district court's order denying relief on her 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII") complaint. On August 26, 2004, the district court dismissed Quinn's complaint on jurisdictional grounds. The court, adopting the reasoning set forth in Defendants' motion to dismiss, determined that it did not have jurisdiction to hear the case pursuant to 42 U.S.C. § 2000e-5(f)(3), Title VII's venue-laying provision. When a plaintiff files an action in the wrong venue, however, 28 U.S.C. § 1406(a) (2000) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. Because the record did not reflect such a determination,* the case was remanded for a determination of whether a transfer to an appropriate jurisdiction would be in the interest of justice. On March 15, 2005, the district court again dismissed Quinn's complaint.

We note that the choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court. See Minnette v. Time Warner, 997 F.2d 1023, 1026

---

*We note that Quinn would now be time-barred from initiating a new action. A Title VII action must be brought within 90 days of receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission. See § 2000e-5(f)(1). In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the ninety-day limitations period. See Minette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir. 1993) (citations omitted). Thus, even a dismissal without prejudice will not benefit Quinn.

(2d. Cir. 1993) (citations omitted).  In its order of dismissal, after acknowledging its authority to transfer the case in the interest of justice, the court concluded that based on a review of the merits, in addition to the jurisidictional issues, transfer was not warranted.  Quinn, despite repeated opportunities to provide a response, failed to address the jurisdictional issues raised.  As a result, we find that the district court did not abuse its discretion when it dismissed Quinn's complaint.

Accordingly, we affirm the order of the district court granting Defendants' motion to dismiss and dismissing Quinn's complaint.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED