**Barbara J. GRASSO, Plaintiff,**

v.

**Sherry BAKKO, Defendant.**

No. 6:08–CV–575.

United States District Court,
N.D. New York.

Aug. 7, 2008.

**394**

Barbara J. Grasso, Eagle Bay, NY, Plaintiff, Pro Se.

Getnick, Livingston, Atkinson, Gigliotti & Priore, LLP, Patrick G. Radel, Esq., of counsel, Utica, NY, for Defendant.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

Pro se plaintiff Barbara Grasso ("plaintiff" or "Grasso") brings this action against defendant Sherry Bakko ("defendant" or "Bakko") seeking damages and equitable remedies for, among other things, defendant's alleged breach of contract, fraud, and misrepresentation. Defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or improper venue under Federal Rule of Civil Procedure 12(b)(3). In addition and alternatively, defendant requests transfer of the action to the United States District Court for the Western District of Wisconsin ("Western District of Wisconsin") under 28 U.S.C.A. § 1406(a) (West 2006) or 28 U.S.C.A. § 1404(a) (West 2006).

Plaintiff opposes. A reply memorandum from plaintiff was accepted past the submission deadline because of her pro se status. Oral argument was heard on August 4, 2008, in Utica, New York. Decision was reserved.

## II. FACTS

The following facts are portrayed in a light most favorable to plaintiff because she is facing a motion to dismiss, and the issue of jurisdiction is only being addressed on affidavits. *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993). Bakko lived in Minnesota for thirty-five years, and has been a Wisconsin resident for the past two years. According to Grasso, defendant stated, at an unspecified time, that she is a veteran dog breeder who has sold American Kennel Club ("AKC") purebred puppies and visited AKC dog shows to promote her business in "various states." (Pl.'s Opp'n to Mot. to Dismiss, at 2.) Online listings submitted by plaintiff also suggest that defendant might have sold a Bernese Mountain Dog in Illinois, and that she is currently advertising herself as a breeder of Bernese Mountain Dogs on two websites.

Around June 2005, using an internet search engine, Bakko found Grasso's Bernese Mountain Dog website. She filled out a questionnaire using the site to demonstrate her interest in purchasing a dog. Plaintiff and defendant communicated by e-mail and phone about four times before defendant agreed to purchase a dog from plaintiff.

About June 28, 2005, at an airport in Chicago, Illinois, Grasso delivered the dog to Bakko, and she was paid in full. Defen-

dant then brought the dog back to her home in Minnesota.

About July 2005, Grasso mailed Bakko a contract related to, among other things, maintaining, showing, and breeding the dog. Defendant signed the contract in Minnesota and mailed it to plaintiff in New York.

About June 2006, Bakko moved from Minnesota to Wisconsin with the dog. About March 9, 2008, defendant notified Grasso that the dog was pregnant—an alleged breach of the contract's breeding provisions.

After Grasso failed in her effort to privately settle the contractual issues with Bakko, she commenced this action on May 30, 2008.

## III. DISCUSSION

### A. Personal Jurisdiction

■ For the purposes of a 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a court's jurisdiction. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999). Although the ultimate burden of establishing jurisdiction is on the plaintiff, prior to an evidentiary hearing she only must demonstrate a prima facie case for personal jurisdiction based on her pleadings and affidavits. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986). "Those documents are construed in a light most favorable to plaintiff and all doubts are resolved in [her] favor." *Id.* To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must show, first, that the defendant is subject to jurisdiction under New York's long-arm statute, and, second, that the court's jurisdiction comports with due process. *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996).

■ In New York, personal jurisdiction over non-domicilliaries may be exercised under either section 301 or 302 of the New York Civil Practice Law and Rules. Section 301 has been interpreted to only confer jurisdiction when "the defendant is engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of [her] presence in the jurisdiction." *Burrows Paper Corp. v. R.G. Eng'g, Inc.*, 363 F.Supp.2d 379, 385 (N.D.N.Y.2005) (internal quotations omitted). Even if defendant has sold a certain number of dogs in New York, attended dog shows in New York, or is advertising herself as a breeder on the world wide web, her contacts with New York do not rise to the level of "continuous and systematic." *See id.* Thus, the only issue is whether personal jurisdiction exists under section 302.

The New York long-arm statute, section 302, provides that

a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state . . .; or

3. commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from interstate or international commerce; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302(a) (McKinney 2001).

Sections 302(a)(2) and (4) are inapplicable in this case. Bakko never entered

New York in connection with her contract with Grasso and, thus, did not commit a tort within the state. Further, defendant does not own any real property in New York. Therefore, only sections 302(a)(1) and (3) are at issue.

■■■ For a defendant to fall under section 302(a)(1): (1) she must transact business in New York, and (2) the claim against her must arise out of that transaction. *CutCo Indus., Inc.*, 806 F.2d at 365. Addressing the second element first, Grasso's claim for breach of contract arises out of her transaction with Bakko. As to the first element, for a defendant to "transact business" she must "purposefully avail [herself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *Id.* (internal quotations omitted). Several factors must be weighed to determine whether a defendant purposefully availed herself of the benefits and protections of New York laws, including:

(i) whether the defendant has an ongoing contractual relationship with a New York corporation;

(ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;

(iii) what the choice-of-law clause is in any such contract; and

(iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004). A court must use the factors listed above because the mere existence of a contract with a New York corporation is insufficient to prove

the defendant transacted business in New York under section 302(a)(1). *Burrows Paper Corp.*, 363 F.Supp.2d at 385. In other words, "[n]o single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." *CutCo Indus., Inc.*, 806 F.2d at 365.

In this case, factors (ii)-(iv) weigh against exercising jurisdiction. Bakko never visited New York to meet with Grasso regarding the contract, there was no choice-of-law clause in the contract, and the parties did not have a franchisor-franchisee relationship. Factor (i) weights in favor of exercising jurisdiction because defendant agreed to send certain information on health examinations to plaintiff, confer with plaintiff prior to breeding the dog, and to take care of the dog in a certain manner. Thus, three factors weigh against exercising jurisdiction, while only one factor weighs in favor of it.

However, based on the totality of the circumstances, Grasso may have raised an evidentiary issue surrounding the exercise of personal jurisdiction under sections 302(a)(1) and 302(a)(3). Construing all evidence in a light most favorable to her, Bakko may be a veteran dog breeder who has sold dogs and visited dog shows to promote her business in several states. Moreover, defendant might have sold a Bernese Mountain Dog in Illinois, and she is currently advertising herself as a breeder of Bernese Mountain Dogs on two websites. Based on that evidence, defendant could have regularly transacted or solicited business in New York, or derived substantial revenue from interstate commerce generally. Thus, an evidentiary hearing on the personal jurisdiction issue may be required. Such a hearing, however, is unnecessary because of the resolution of de-

fendant's alternate motion to dismiss for improper venue or to transfer venue, as described below.

## B. Venue

 Bakko requests dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, transfer of venue to the Western District of Wisconsin under § 1406(a). Venue is only proper in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a) (West 2006).

Venue is improper under section (1) because defendant does not reside in New York. Venue is also improper under section (2) because a substantial part of the events giving rise to the contractual dispute did not take place in the Northern District of New York. Grasso alleges that Bakko breached the following provisions of the contract: (a) requirement that the dog's x-rays should be taken without anesthesia and all results sent to her within a certain period of time; (b) requirement that the dog be maintained as a house pet or family member; (c) requirement that Bakko would show the dog and make a good faith effort to win a championship at either AKA or Canadian Kennel shows; (d) requirement that Bakko would confer with her prior to breeding the dog; (e) requirement that if Bakko did breed the dog certain conditions would be met; and

(f) requirement that Bakko uphold the integrity of Bernese Mountain Dogs. All of these requirements deal with how Bakko maintained and cared for the dog at her home in Wisconsin. Thus, any breach would have occurred in Wisconsin.

Section (3) is inapplicable because there are other districts in which this action could have been brought. For example, this action might have been brought in the Western District of Wisconsin because defendant resides in that district and a substantial part of the events took place there. Thus, venue in the Northern District of New York is improper.

## C. Transfer

 If venue is improper in the district court in which an action was filed, the district court has the discretion, in the interest of justice, to transfer the case to another district where it could have been brought. § 1406(a); *see Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993) (emphasizing that decision whether to dismiss or transfer is left to district court's discretion); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) (holding that district courts should take into account § 1406(a)'s purpose which is "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.").

As noted above, this action could have been brought in the Western District of Wisconsin. Transferring this case there will serve the interests of justice. If this case was dismissed instead of transferred, Grasso would not be prevented from filing it elsewhere; however, "it would force [her] to spend significant time and money filing a new action in a new forum." *Burrows Paper Corp.*, 363 F.Supp.2d at 387. In addition, Grasso would likely be benefit-

ted, not prejudiced, by having the case transferred to Wisconsin because all witnesses and relevant evidence, for example, veterinary records, are found in Wisconsin. *Id.* In sum, because venue is proper in the Western District of Wisconsin, this action will be transferred there in the interests of justice.[1]

## IV. *CONCLUSION*

Grasso may have raised evidentiary issues concerning personal jurisdiction. However, an evidentiary hearing is unnecessary because venue is not proper in the Northern District of New York. Rather than dismissing this case in its entirety, it is in the interests of justice to transfer the action to the Western District of Wisconsin.

Accordingly, it is

ORDERED that

1. Defendant Sherry Bakko's alternate request to transfer venue to the Western District of Wisconsin is GRANTED.

2. Defendant Sherry Bakko's motion to dismiss for lack of personal jurisdiction or improper venue in the Northern District of New York is DENIED as moot; and

The Clerk of the Court is directed to transfer this case to the Western District of Wisconsin.

IT IS SO ORDERED.

---

1. Thus, it is not necessary to reach Bakko's motion for transfer under § 1404(a).