08-4421-cv
Thrall v. Central New York Regional Transportation Authority, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand ten.

PRESENT:

REENA RAGGI,
DEBRA ANN LIVINGSTON,
          *Circuit Judges*,
JED S. RAKOFF
          *District Judge*.[*]

_____

JEFFREY THRALL
          *Plaintiff-Appellant*,

    -v.-                                                          No. 08-4421-cv

CENTRAL NEW YORK REGIONAL
TRANSPORTATION AUTHORITY, *ET AL.*
          *Defendants-Appellees*.

_____

ROBERT LOUIS RILEY, Syracuse, New York, for *Plaintiff-Appellant.*

CRAIG M. ATLAS, Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C. for *Defendants-Appellees.*

_____

[*] The Honorable Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Neil P. McCurn, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 8, 2008 is VACATED and the action is REMANDED for further proceedings not inconsistent with this Order.

Plaintiff Jeffrey Thrall appeals from the dismissal of his case with prejudice pursuant to Fed. R. Civ. P. 41(b). Specifically, Thrall, who proceeded *pro se* below but is represented by counsel on appeal, contends the district court abused its discretion by dismissing his complaint with prejudice when less harsh remedies – namely dismissal without prejudice or a continuance – were available to it. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

## I. BACKGROUND

This action arises from Thrall's one-time employment by defendant Central New York Regional Transportation Authority. On January 9, 2008, Thrall filed a *pro se* complaint which was read by the district court to state claims for "civil rights violations pursuant to 42 U.S.C. § 1983, due process and equal protection violations under the Fourteenth Amendment to the U.S. Constitution, and violations under New York common law and New York General Business Law." Mem.-Decision and Order dated Aug. 8, 2008 at 1. At that time, the clerk's office issued a "filing order" directing Thrall to serve the complaint within 60 days and setting an initial conference before Magistrate Judge George H. Lowe for May 20, 2008. Thrall, however, failed to serve any defendant with the complaint, and on April 29, 2008, Magistrate Judge Lowe wrote to Thrall informing him that no defendant had been served and reminding him that an initial conference remained scheduled

for May 20, 2008. Specifically, the letter stated that the conference was "essential to the progress of your case" and warned that "failure to participate may result in dismissal."

On May 20, 2008 – the day of that conference – Thrall wrote to the Court, informing Magistrate Judge Lowe that he had "chosen not to participate in the conference at this time, and not to serve a summons and complaint . . . because of . . . previous threats by [defendants]" against him. Thrall did aver that he understood that his "failure to participate in the conference may result in dismissal of my case" but contended that he was "afraid to serve a summons and complaint on" the defendants.

On July 15, 2008, Magistrate Judge Lowe issued a report detailing the procedural history of the action and recommending *sua sponte* dismissal with prejudice pursuant to Rule 41(b). While noting that dismissal without prejudice for failure to serve would be an alternative remedy, the magistrate judge, without further explanation, declined to recommend imposition of that less harsh alternative. Thrall filed timely objections to that Report and Recommendation in which, contrary to his position in his May 20 letter, Thrall expressed a clear interest in proceeding. Specifically, Thrall requested that the district court "stay its final decision" with respect to the magistrate's recommendation and give the plaintiff "thirty (30) days or more, [to] file and serve a complaint and summons on each and every Defendant." The district court does not appear to have ever considered that request. Instead, on August 8, 2008 the district court adopted the magistrate's Report and Recommendation in full and dismissed the case with prejudice. This appeal ensued.

## II.  DISCUSSION

We review a district court's decision to dismiss for failure to prosecute pursuant to Rule 41(b) for abuse of discretion. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). While

we have articulated several factors to guide the exercise of that discretion, *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999), as we have more generally observed, "Rule 41(b) dismissal [is] 'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). Indeed, because such an order results in dismissal with prejudice, our case law makes clear that Rule 41(b) is a "pungent, rarely used" remedy of last resort to be "employ[ed] only when [the district court] is sure of the impotence of lesser sanctions." *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)) (alteration in original).

Thrall contends that the district court exceeded its discretion in dismissing his complaint with prejudice because lesser, equally effective sanctions were available to it. On these facts, we agree. First, the dismissal came in the face of Thrall's request for a brief continuance so that he could serve defendants and proceed with the litigation. The district court does not appear to have considered the request and, indeed, may well not have noticed it given that it was buried in a lengthy set of objections to the magistrate's Report and Recommendation and came after Thrall's May 20 letter in which he appeared to express no interest in pursuing the case further. However, review of the record on appeal confirms that the request was made, and, accordingly, our precedent required the district court at least to consider alternative, lesser sanctions before granting dismissal with prejudice pursuant to Rule 41(b).

Second, the "lesser sanction" of dismissal without prejudice was available to the district court – indeed, as noted, the magistrate judge identified dismissal without prejudice pursuant to Rule 4(m) as a possible alternative remedy, and yet, without explanation, declined to consider it further. That failure is troubling given that dismissal without prejudice pursuant to Rule 4(m) would have

served the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order. *Cf. LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (Rule 41(b) dismissal to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters"). Moreover, the case was still in its preliminary stages – no action had been taken other than the filing of the initial complaint – and thus neither the parties nor the court would have been unduly burdened by its potential renewal. *Cf. Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (noting that Rule 41(b) dismissal was particularly inappropriate where "the case [was] not that old").

We recognize the need for district courts, which, in this Circuit bear particularly heavy case loads, to manage their case loads and calendars, and we do not gainsay that dismissal with prejudice may be appropriate even for *pro se* litigants who repeatedly ignore court orders or otherwise engage in obdurate conduct. But on this record, we are unable to conclude that this was the sort of "extreme situation" that warranted the "harsh remedy" of dismissal with prejudice.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for further proceedings not inconsistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk