10-3303-cv
Storey v. O'Brien et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:  JOSEPH M. McLAUGHLIN,
          ROBERT D. SACK,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

JOHN B. STOREY, JOAN STOREY, also known as
Joan Lobo,
                    *Plaintiffs-Appellants*,

        v.                                              No. 10-3303-cv

JACQUELINE O'BRIEN, PEGGY BARTISH, and
WASHINGTON MUTUAL BANK
                    *Defendants-Appellees.*

_____

FOR APPELLANT:        VIVIAN M. WILLIAMS, Vivian M. Williams & Associates,
                      PC, New York, New York.

FOR APPELLEE:         MIRIAM E. ZAKARIN, Treuhaft & Zakarin, LLP, New
                      York, New York.

Appeal from the United States District Court for the Eastern District of New York

(Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

The parties to this appeal are the children of the late John E. Storey, who died intestate and whose estate consisted primarily of a residential property in Kings County, New York. Plaintiffs-appellants filed suit in federal district court, alleging that defendants-appellees fraudulently transferred the decedent's property to avoid probate, thereby denying appellants their rightful inheritance. Appellants committed several errors and failures in the prosecution of the case, including failing to join an indispensable party, naming a deceased person as a co-plaintiff, failing to appear at scheduled hearings, naming non-diverse defendants in this diversity action, and failing to follow the Federal Rules of Civil Procedure regarding the service of process. After more than a year of such delays, the district court ordered appellants to show cause why the suit should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Instead of responding to the order, on the day before the deadline, appellants requested an extension due to their attorney's "unexpected personal emergency" that required him to "immediately leave the country," thus preventing him from conferring with his clients regarding the Court's order.

Despite this claim of international travel precluding consultation, just two days later appellants filed an untimely response to the order to show cause that identified, inter alia, *appellees'* counsel's pregnancy as a purported justification for some of the appellants' derelictions. The district court assessed these continued delays and

unresponsive justifications in the context of appellants' previous failures, and dismissed the case under Rule 41(b). We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's order dismissing a complaint under Rule 41(b) for abuse of discretion. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009). Rule 41(b) authorizes a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . . Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Although not explicitly authorized by the rule, such dismissals may be made sua sponte. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Moreover, since "an adjudication on the merits," Fed. R. Civ. P. 41(b), is the "functional equivalent of an order of dismissal with prejudice," RLS Assocs., LLC v. United Bank of Kuwait PLC, 417 F. Supp. 2d 417, 420 (S.D.N.Y. 2006), the district court's dismissal is deemed with prejudice. See also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-07 (2001) (defining an "adjudication on the merits" pursuant to Rule 41(b) as "barring the plaintiff from returning later, to the same court, with the same underlying claim").

Although a Rule 41(b) dismissal is at the discretion of the district court, it is a "harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted). Before dismissing a claim pursuant to Rule 41(b), the district court must apply the five-

3

factor test articulated in Drake:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.

Id. (citation omitted). Moreover, although "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning" on each of the five factors, we do not "require the [district] court to discuss the factors on the record." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Here, we do have "the benefit of the district court's reasoning." In its dismissal order, the district court cited the five factors that guide its decision to dismiss, and expressly assessed the fourth factor by balancing the problems caused by the appellants' failures and errors – especially given the district court's own generous solicitude in identifying and correcting these errors – against the need to protect the appellants' rights to due process. Our review of the record below further illustrates that the district court (1) identified the significant duration caused by the plaintiff's delays; (2) warned appellants on two occasions that failure to follow court orders could result in appropriate sanctions, including, the warning, by its order to show cause, that further delays may result in a dismissal; and (3) considered the defendants' prejudice from the delay. And while the district court nowhere expressly stated which lesser sanctions it had considered, the court made clear that it regarded dismissal as a last resort, and cited the

4

ineffectiveness of previous efforts to correct appellants' behavior. Moreover, the court's express recognition of that factor, evaluated in light of the record as a whole – including the court's long patience with appellants' sometimes belated efforts to correct some of their missteps – illustrates that the district court had already taken var lesser steps in an effort to address appellants' casual approach to federal litigation.

Accordingly, we conclude that the district court did not abuse its discretion by dismissing the complaint. We have reviewed the appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5