**Léone MEYER, Plaintiff–Appellant,**

v.

**The BOARD OF REGENTS OF the UNIVERSITY OF OKLAHOMA, the University of Oklahoma Foundation, Inc., David L. Boren, in his Capacity as the President of the University of Oklahoma, Defendants–Appellees,**

**American Alliance of Museums, Association of Art Museum Directors, David Findlay Jr., Inc., Wally Findlay Galleries (New York), Inc., Wally Findlay Galleries International Development Corp., Findlay Art Consignments, Inc., Findlay Galleries, Inc., DFG Art Corp., David Findlay Galleries, Inc., Defendants.**

No. 14–2044.

United States Court of Appeals, Second Circuit.

March 12, 2015.

Pierre Ciric, The Ciric Law Firm, New York, N.Y., for Plaintiff–Appellant.

Sarah Erickson André, (Thaddeus J. Strauber & Kristin M. Jamberdino, on the brief), Nixon Peabody, New York, N.Y., for Defendants–Appellees.

PRESENT: PETER W. HALL, Circuit Judge, and JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Appellant Léone Meyer brought this suit to assert her claim to a painting by Camille Pissaro entitled "La Bergère Rentrant des Moutons" ("Shepherdess Bringing in Sheep"). The painting was allegedly stolen from Meyer's father by the Nazis during World War II, and it is now on display at the University of Oklahoma. Meyer brought suit in the United States District Court for the Southern District of New York, and her case was dismissed for lack of personal jurisdiction. In her opposition to the Defendants' motion for dismissal, Meyer asked in the alternative for transfer to the Western District of Oklahoma. The district court, however, dismissed the case without addressing this request for transfer. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation. The Honorable Guido Calabresi, originally a member of the panel, recused himself. The decision announced in this order has been reached pursuant to 2d Cir. Local Rule § 0.14(b) by the remaining members of the panel who are in agreement.

The decision whether to transfer a case, or instead to dismiss it, is governed by 28 U.S.C. § 1406(a), which states that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Determination of whether transfer serves the "interest of justice" lies within the sound discretion of the district court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993).

Meyer argues on appeal that transfer would serve the interest of justice, for several reasons: (1) that the statute of limitations may have run out for a new lawsuit in Oklahoma; (2) that the claim is meritorious; (3) that Meyer filed in New York in good faith, believing that the New York court had personal jurisdiction over several parties who were later dismissed from the action; and (4) that the Defendants will not be prejudiced by a transfer because they are all located in Oklahoma. The Defendants argue, to the contrary, that the interest of justice does not support transfer, for several reasons: (1) that Meyer was not diligent in pursuing her claim, since she did not file a protective lawsuit in Oklahoma until after the statute of limitations in Oklahoma had run; that it was obvious from the outset that personal jurisdiction did not exist in New York; (3) that Meyer only sued in New York as a forum shopping strategy to avoid Oklahoma's more restrictive statute of limitations; and (4) that Meyer's claim is a "sure loser" because of the University of Oklahoma's sovereign immunity defense.

We defer to the district court's judgment concerning whether transfer serves the interest of justice, and review only for abuse of discretion. In this case, however, the district court has not had an opportunity to consider Meyer's transfer request, since the case was dismissed before the question of transfer could be argued. A district court may transfer a case even where it lacks personal jurisdiction over the defendants. *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir.1978). Accordingly, the case is **RE-MANDED** for the district court to decide whether transfer to the United States District Court for the Western District of Oklahoma would serve the interest of justice.